393 So.2d 413 (1980)
KING BROTHERS BUILDING CONTRACTORS, INC.
v.
James McCULLEN and Mary Wilson McCullen.
No. 13871.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
*414 Roy L. Wood, Amite, for plaintiff.
Clayton S. Knight, Franklinton, for defendants.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
This is a suit for the balance due on a building contract plus "extras", to which defendants reconvened for damages plus attorney fees. Defendants appealed.
The issues are: validity of an exception of prematurity; credit to defendants for delay, extra bricks and defective workmanship; sufficiency of proof of an extra; and attorney fees.
We affirm in part and reverse and render in part.
Plaintiff agreed to construct a residence for defendants according to the plans and specifications supplied by defendants. The contract provided for delay penalties of $25.00 per day. It further provided for attorney fees in the event a breach by the contractor necessitated legal proceedings.
During construction, problems over interpretation of the plans arose. Difficulties in implementing the design resulted in several modifications by the contractor. The home was completed and accepted by defendant nearly one month late.
When defendant failed to pay, plaintiff sued for the balance due on the contract, $6,100.00, plus $1,895.00 for "extras". Defendants filed an exception of prematurity which was overruled. Defendants then reconvened for $5,300.00 to remedy alleged defects plus $3,050.00 in attorney's fees. The trial court awarded plaintiff the balance due, $6,100.00 plus $1,535.89 for "extras". It dismissed defendants' reconventional demand.
Defendants contend the court erred in not sustaining an exception of prematurity. By the terms of the contract, defendants' final payment was due upon receipt of a clear lien and privilege certificate from plaintiff. At the time plaintiff filed suit no such certificate had been tendered; and there were, in fact, two liens against the property. The first-lien holder intervened in the suit and was awarded judgment against both plaintiff and defendants. He seized the proceeds of the suit and had his privilege judicially recognized. The other lien was filed by plaintiff. Prior to trial of the exception the clerk of court certified these as the only liens on the property. We find the appearance of the sole lien holders in this suit renders the issue of prematurity moot.
Defendants claim liquidated damages because the home was completed twenty-nine days after contract date. They argue the contract did not allow for extension for inclement weather, nor did they consent to any extension. Plaintiff testified that heavy rains halted construction for eleven days. Inclement weather legally excuses non-performance of a construction contract. LSA-C.C. Arts. 1933, 2120; Davis v. Tillman, 370 So.2d 1323 (La.App. 2d Cir. 1979). Modifications at defendants' request caused another five days delay. Finally the unavailability of defendants' *415 choice of brick caused delay. There is conflicting testimony as to the cause of this delay. We cannot say the court erred in holding defendants responsible. Plaintiff testified he waited seven weeks for the brick; this delayed the completion of the home an indeterminate time. We find no error in the court's dismissing defendants' claim for liquidated damages for delay.
Defendants next claim credit for unused bricks hauled away by plaintiff. This was not a cost plus contract. Plaintiff and defendants agreed upon a fixed price for the construction of the home. That price included a maximum allowance for materials. Defendants' choice of brick was less expensive than his cost allowance. They have already been credited for this differential. No further credit is due for actual bricks not used in construction. We find no error in the court's disallowing credit for unused brick.
Defendants next claim the air conditioning system is defective. They allege the house does not cool because of an inadequate air conditioning unit and incorrect duct work. The record reveals that although defendants were advised by the air conditioning contractor that the size and layout of the home necessitated two units, they chose to install a single one. They cannot now complain of its inadequacy. We find merit, however, in defendants' complaint as to the duct system. Defendants' plans call for a "trunk line" or a main duct that runs the length of the house with "allies", or branch ducts, to individual rooms. The record reveals the duct work emanates directly from the central unit in a spider web fashion. The air conditioning contractor testified that the roof design also necessitated a 90 degree turn in one of the ducts. According to a refrigeration specialist, the spider-web duct pattern prevents good air distribution and is contributing to the failure of the air conditioning system to work properly. Although we agree that the roof design may have caused plaintiff to make modifications in the duct work we find plaintiff's failure to install a trunk line in accordance with defendants' plans a contributing factor in the failure of defendants' air conditioning system to work properly. The refrigeration specialist estimated the duct work could be corrected for $500.00. We accordingly award defendantplaintiff in reconvention that amount.
Defendant next contends the bathtub drain in the master bedroom is defective. He alleges it takes one and one-half hours for this bath to drain. We feel his claim has merit. Plaintiff admitted the drain was slow and stated it may be caused by cement in the plumbing. A plumber testified the correction would cost $100.00 at a minimum. We award defendant-plaintiff in reconvention that amount.
We find no merit in defendants' contention that plaintiff should be held responsible because of deficiencies in the plans and specifications not timely called to their attention. LSA-R.S. 9:2771 provides to the contrary.[1]
Defendants contend the trial court erred in not assessing attorney fees against plaintiff. The contract provides plaintiff and his surety shall be liable for all attorney fees incurred by owner-defendant in any legal proceeding made necessary by the failure of the contractor-plaintiff to comply with the contract. Because we find plaintiff liable to defendant on their reconventional demand for defects in the plumbing and air conditioning ducts, we believe plaintiff should be assessed attorney fees accordingly.[2] *416 We feel an award of $500.00 is fair under the circumstances.
We have examined the claims of other errors and agree with the trial court thereon.
For the above reasons, the judgment of the trial court is reversed insofar as it dismisses defendant's reconventional demand. It is now ordered, adjudged and decreed that there be judgment in favor of plaintiffs in reconvention, James McCullen and Mary Wilson McCullen, against defendants in reconvention, King Brothers Building Contractors, Inc. and King Brothers Building Supply and Hardware, Inc., in the sum of $1,100.00 together with legal interest from date of judicial demand.
The judgment is affirmed in all other respects. Costs are to be shared equally by the plaintiffs and defendants.
REVERSED AND RENDERED IN PART, AFFIRMED IN PART.
NOTES
[1] LSA-R.S. 9:2771:

"No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor."
[2] We find the provision of the contract which makes the contractor liable for "... charges or attorney's fees incidental to the completion or enforcement of the contract, ..." broad enough to encompass defendant's reconventional demand for attorney's fees.