465 So.2d 950 (1985)
Vicki Anne WALPOLE, Plaintiff-Appellant,
v.
Eddie O. WEATHERSBY and State Farm Fire & Casualty Co., Defendant-Appellee.
No. 16831-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
*951 Joseph W. Greenwald, Shreveport, for plaintiff-appellant.
Kitchens, Benton & Kitchens by John B. Benton, Jr. and Wm. Rick Warren, Minden, for defendant-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
Vicki Anne Walpole, the plaintiff in this personal injury action, appeals a judgment which awards her $8,047.90 in damages against her stepfather, Eddie O. Weathersby, but rejects her demands against Weathersby's homeowner's insurer, State Farm Fire and Casualty Company. We affirm.
Plaintiff received a broken ankle and other minor injuries in an altercation with Weathersby which occurred during the early morning hours of July 9, 1981 at an apartment occupied by Weathersby and plaintiff's mother. The apartment was located at the LaPlaza Apartments in Bossier City. The previous day plaintiff's mother, who did not testify at trial, allegedly asked plaintiff to spend the night at the apartment in order to babysit with plaintiff's younger brother the following day. Before going to the apartment plaintiff went to a bar with a friend and became extremely intoxicated. About midnight the friend drove plaintiff to the apartment. When they arrived the door was locked and plaintiff began beating on it. After several minutes Weathersby came to the door. He noticed that plaintiff was intoxicated and told her she was not coming into his apartment in that condition. Plaintiff, nevertheless, attempted to enter the apartment and Weathersby shoved her back out. However, she eventually succeeded in getting into the apartment and was pulled out by Weathersby. Plaintiff's confrontation with Weathersby resulted in her injuries.
Plaintiff filed suit against Weathersby and State Farm under a homeowner's policy issued in the name of her mother and Norman Walpole, Jr. Walpole is the mother's former husband, from whom she was divorced, and plaintiff's father. The insured premises under the policy was a house located at 2011 Shady Grove Drive in Bossier City which was the former community home of the mother and Walpole. The mother received the house in the community property settlement. After the mother's divorce from Walpole she married Weathersby in 1977 and he moved into the house and lived there with plaintiff's mother until May, 1981. The State Farm policy was issued April 23, 1981 for a one year period. Weathersby and the mother separated in May, 1981. They subsequently moved into the LaPlaza Apartments in June, 1981 to attempt a reconciliation.[1] The apartment was furnished primarily with furniture from the house on Shady Grove Drive.
State Farm denied coverage on the basis that Weathersby was not an insured under the terms of the policy. In the alternative State Farm denied liability on the basis that plaintiff's injuries were either expected or intended by Weathersby. The trial court found that Weathersby was an insured under the policy but denied recovery *952 against State Farm because it found Weathersby either expected or intended plaintiff's injuries. The $8,047.90 awarded plaintiff against Weathersby includes an award of $5,000.00 for general damages.
We agree with the trial court's determination that Weathersby was an insured under the State Farm policy. The policy provides that the spouse of the named insured is covered if a resident of the same household as the named insured. Plaintiff's mother was a named insured and at the time of the complained of incident she was married to and living with Weathersby. The policy also defines "insured location" as including the residence premises and the part of any other premises used by the named insured as a residence. The mother and Weathersby were using the apartment at LaPlaza as a residence at the time of the incident.
The issues raised by plaintiff's appeal are:
(1) Whether the trial court erred in finding her injuries were either expected or intended by Weathersby.
(2) Whether the $5,000.00 general damages awarded are inadequate.

WHETHER PLAINTIFF'S INJURIES WERE EXPECTED OR INTENDED
The State Farm policy contains a provision excluding liability for bodily injury which is expected or intended by the insured. In the case of Bloodworth v. Carroll, 455 So.2d 1197 (La.App. 2d Cir.1984) we summarized the rules relative to the interpretation of such a provision as follows:
This provision creates an exclusion of coverage on damage intended by the insured and shall be construed strictly against the insurer and in favor of coverage. Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972); Rushing v. Protective National Ins. Co. of Omaha, 315 So.2d 876 (La.App. 3d Cir.1975); Zoller v. State Board of Education, 278 So.2d 868 (La. App. 1st Cir.1973). Pique v. Saia, 450 So.2d 654 (La.1984). The fact the act or conduct of the insured is established as intentional does not activate the exclusion unless the damages are intended since the exclusion requires the damages to be intended. Where the damages that result from the intentional act are only such that an insured would consider there to have been an appreciable risk that they would occur, they are not considered as intentional damages covered by the exclusion. In order for the damages to be intended they must be substantially certain to result from the act of the insured. Bourque v. Duplechin, 331 So.2d 40 (La.App. 3d Cir.1976); Rambin v. Wood, 355 So.2d 561 (La.App. 3d Cir.1978); Sherwood v. Sepulvado, 362 So.2d 1161 (La.App. 2d Cir.1978). See Pique v. Saia, supra, (emphasis in the original)
The only serious injury plaintiff suffered in the altercation with Weathersby was the broken ankle. Plaintiff claims that the ankle was broken when Weathersby grabbed her by the foot and twisted it around with considerable force. She testified he turned the foot completely around; she described a 180° twist. She stated that she was screaming in pain while he was twisting her foot. Plaintiff's testimony is substantially corroborated by that of the friend who drove her to the apartment. The friend, Shari Johnson, testified that Weathersby twisted plaintiff's foot completely around (she described a 180° twist) and that she shouted to Weathersby that he had broken plaintiff's leg. Weathersby admitted twisting plaintiff's foot but claims he did not twist it with sufficient force to break an ankle. He further claims that plaintiff was intoxicated to the point she could not stand up and surmises she broke the ankle in one of her numerous falls.
The trial court's finding that plaintiff's ankle was broken by Weathersby's action in twisting her foot is supported by substantial evidence and we find no manifest error in that determination. Plaintiff argues in brief that while Weathersby's act of twisting her foot may have been intended, the evidence does not support a finding *953 that he intended to break her ankle.[2] Therefore, State Farm's liability cannot be excluded under the terms of the policy. In support of her argument, she points out that Weathersby testified he would not have intentionally hurt her.
We find no error in the trial court's decision to reject Weathersby's self-serving declaration. Weathersby's act of twisting plaintiff's foot with sufficient force to break her ankle can lead to no other conclusions than that he expected or intended to inflict serious injury. We note that Weathersby is much larger than plaintiff. Weathersby weighs 210 pounds whereas plaintiff weighs 140 pounds.
The trial judge in excellent written reasons for judgment made the following statement:
An overview of all the testimony shows that by the force used on plaintiff's leg leaves no conclusion other than Eddie Weathersby must have expected or intended serious injury would result.
This factual determination is supported by the testimony of plaintiff and Shari Johnson, both of whom testified that the ankle was twisted completely around. This occurred while plaintiff was screaming in pain and while Shari Johnson was shouting to Weathersby that he was breaking plaintiff's leg. Shari Johnson was telling Weathersby the nature of the force and twist he was applying to plaintiff's ankle was substantially certain to break plaintiff's ankle.
While there is no expert testimony as to the extent of force required to break a 21 year old female's ankle, the trial court committed no manifest error in concluding the evidence here established that the broken ankle was substantially certain to result from the action of Weathersby. The trial court was in effect agreeing with a determination made by Shari Johnson as she watched Weathersby applying the twisting force to plaintiff's ankle.
The exclusion in the policy applies to Weathersby's action and the policy provides him no insurance coverage.

GENERAL DAMAGES
In his reasons for judgment the trial judge states that he mitigated the general damages awarded because plaintiff's actions precipitated the incident. The judge indicated he considered the fact that Weathersby has limited assets in setting the award.
It is within the trial court's discretion to mitigate a general damages award when the plaintiff's conduct helps create the circumstances giving rise to the injury. See Downey v. Clark, 426 So.2d 331 (La. App. 2d Cir.1983) and the authorities cited therein. Plaintiff went to the apartment during the early morning hours in an intoxicated condition and beat on the door until Weathersby answered it. She then persisted in her attempts to enter the apartment after Weathersby told her she was not coming in and after he tried to physically prevent her from entering. We find no error in the trial court's determination that plaintiff's actions precipitated the incident.
Although there is little testimony in the record concerning Weathersby's financial status, there is some support for the trial court's determination that he has limited assets. Weathersby testified that he is a welder and does custom work for American Security and Welding. He stated that his average salary during the last two years has been approximately $200.00 per week. His approximation of his salary was not rebutted by plaintiff.[3] There is no indication from the evidence that Weathersby owns a home or any real property. The evidence establishes that since 1977 he has always lived in the home of others or a rented apartment. The record indicates he owns no personal property other than his clothes, tools and a vehicle.
*954 There was no medical testimony presented and little lay testimony as to the extent of plaintiff's injury. The medical evidence consisted of the doctor's written report and the medical bills. The plaintiff was hospitalized for four days and wore a cast for ten weeks. Although the injury to plaintiff's ankle appears to have been fairly substantial, there is no indication plaintiff will suffer any permanent disability because of the injury. Plaintiff stated that the ankle causes her pain and discomfort but also stated that she played softball during the summer following the incident and she occasionally dances. We find no manifest abuse of discretion in the general damage award.
The judgment of the trial court is AFFIRMED at plaintiff's cost.
NOTES
[1] Plaintiff was living in the house on Shady Grove Dr. at the time of the altercation with Weathersby.
[2] In her petition plaintiff alleges her harm was intentionally caused by Weathersby. At trial she testified that in her opinion Weathersby was intending to hurt her when he twisted her ankle.
[3] To the contrary plaintiff indicated that Weathersby seldom worked during the period of time he was married to her mother.