489 So.2d 1076 (1986)
Johnny LALONDE and Riley James Stelly
v.
Tommy MABRY, et al.
No. 85-212.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1986.
Oliver & Brinkhaus, John L. Olivier, Sunset, for plaintiffs-appellants.
Colleen McDaniel, Lafayette, Edwards, Stefanski & Barousse, Russell Zaunbrecher, Crowley, Ala., for defendants-appellees.
*1077 Before CHEHARDY, BOWES and GAUDIN, JJ. Pro Tem.
LAWRENCE A. CHEHARDY, Judge Pro Tem.
This is a lawsuit arising out of a brawl among patrons of a cockfight at the T'Maurice Club, near Bristol in St. Landry Parish. The plaintiffs, Johnny Lalonde and Riley James Stelly, sued not only their alleged attackers (Tommy Mabry, Wayne Mabry and Jenny Venable), but also the owner of the club (Ellis Richard), the temporary manager of the club (Winston Richard, Ellis' son), and the cockfight pit boss (Harold Leger).[*]
The trial court found in favor of the plaintiffs against Tommy Mabry, Wayne Mabry and Jenny Venable, awarding Lalonde $15,832.20 and Stelly $8,692.14; as against Ellis Richard, Winston Richard and Harold Leger, however, the court dismissed the plaintiffs' suit. The plaintiffs have appealed.
The plaintiffs urge (1) that the trial court erred in absolving Ellis Richard, Winston Richard and Harold Leger of liability and (2) that the damages awarded were too low. They contend the Richards and Leger, as owners or operators of the club, had a duty to provide a bouncer or security guard who could prevent fights or quickly end any fights that might start. The plaintiffs also assert these defendants were strictly liable under LSA-C.C. art. 2317, arguing the T'Maurice Club was defective because there was no telephone on the premises, requiring anyone seeking police or medical assistance to drive to a nearby school to make a telephone call, thus delaying the arrival of official aid.
In abbreviated form, the facts are as follows:
Riley Stelly and his wife had come to the cockfights with Johnny Lalonde and his wife and another couple. Stelly had placed a bet on a red rooster and was cheering for it as the cockfight began, calling, "Come on, Red Neck, get up, Red Neck." Tommy and Wayne Mabry, who were previously unknown to Stelly, were standing in front of the Stellys and the Lalondes. Wayne Mabry turned around to Stelly and accused Stelly of calling him a redneck. Stelly explained to him that he had been referring to the rooster, but Wayne Mabry hit Stelly. Tommy Mabry then punched Stelly, who fell to the floor unconscious. The Mabrys continued beating Stelly as he lay on the floor.
Johnny Lalonde intervened to protect Stelly, whereupon Jenny Venable struck him in the face with a beer bottle and Tommy Mabry began beating him. (In his deposition, Lalonde indicated he hit Mabry first, to stop Mabry's beating Stelly.) Mrs. Lalonde testified that Tommy Mabry was wearing brass knuckles when he hit her husband; also that Mabry broke a beer bottle and slashed her husband's face with it.
Harold Leger testified that when he realized a fight had erupted, he began making his way across the room to break it up. He had some trouble getting through the heavy crowd, but when he got to where Tommy Mabry and Johnny Lalonde were fighting, he told Mabry to stop fighting. Mabry hesitated, then complied.
Ellis Richard, the owner of T'Maurice, was hospitalized for a heart condition on the night of this incident; his son, Winston Richard, was working in the club that night. Winston was in the storeroom when the fight broke out; he sent his girl friend to telephone for help. She testified there was no telephone at the club or at the Richard home next to the club, so she had to drive to Bristol School, about a half-mile away, to use a telephone. The witnesses' estimates of how long it took before the police and the ambulance arrived ranged from 15 minutes to an hour.
Lalonde and Stelly suffered bruises and lacerations requiring stitches, as noted above, with residual scarring.
*1078 Winston Richard and Harold Leger testified that Ellis Richard owned the club, that Leger brought roosters to the club to start the cockfights, that Ellis Richard and Leger had an understanding that Leger would try to prevent trouble. Leger said the Mabrys frequently attended the cockfights but had never caused trouble before. He also indicated there had been no previous incidents of uncontrolled fighting. The Richards operated the concession stand, selling beer, soft drinks and food. Leger received all the admission money from the cockfights; the Richards received all the concessions money.
The plaintiffs assert the Richards and Leger, as owners/operators of the cockfighting establishment, were a cause-in-fact of the plaintiffs' harm because "if the T'Maurice Club had not been in operation, plaintiffs would not have suffered the beatings at the hands of certain patrons at the rooster fights conducted at the club."
Plaintiffs assert the Richards and Leger had a duty to exercise reasonable care to protect the guests and patrons of the establishment and that the defendants violated this duty because, without a telephone on the premises, they were unable to summon the police quickly.
We find no connection under the facts here between the time at which the police arrived and the injuries suffered by the plaintiffs. Although no one established how long the fistfight went on, it obviously was no more than a few minutes. There is no showing that the police could have arrived before the fight ended. See Rodney v. Mansur, 219 So.2d 305 (La.App. 1 Cir. 1969). The delay in the arrival of the police was not a cause-in-fact of the plaintiffs' injuries. Similarly, plaintiffs offered no evidence that their injuries were aggravated by the delay in the arrival of medical help. Thus, the plaintiffs did not show that the absence of a telephone on the premises contributed to the plaintiffs' harm. (Certainly we find no basis to consider it a "defect in the premises" under C.C. art. 2317.)
The plaintiffs next assert that there should have been security guards on the premises because the presence of security guards might have inhibited the outbreak of fights and security guards could have stopped the fight quickly. The plaintiffs, however, produced no evidence to support these contentions, which are merely speculative. The record indicates that Harold Leger stopped the fight as quickly as he could, although he encountered a momentary delay in getting through the crowd.
Plaintiffs argue that imposing a duty to hire security guards on the T'Maurice Club is reasonable because "bloodthirsty patrons become rowdy over gambling on bloody fights between roosters in an atmosphere of alcohol." Again, however, we are compelled to point out that plaintiffs simply did not present sufficient evidence to indicate that the patrons in general were "rowdy" indeed, the evidence was to the effect that no such fights had taken place before. Nor was there any testimony to establish that any of the participants in the fight were under the influence of alcohol.
We recognize that there has been a trend, in some jurisdictions, to impose a duty to hire security guards on certain public establishments. See, e.g., Banks v. Hyatt Corporation, 722 F.2d 214 (5 Cir. 1984). Any business that invites the company of the public must take reasonably necessary acts to guard against the predictable risk of assaults. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La. 1984). To impose such a duty in this case, however, would require more evidence than was presented. Plaintiffs did not prove that the attack by the Mabrys was either foreseeable or preventable by the Richards and Leger.
The questions of cause-in-fact and foreseeability of a risk are factual determinations, which may not be reversed unless there is manifest error. We find no manifest error in the trial court's ruling that plaintiffs failed to prove negligence on the part of Ellis Richard, Winston Richard and Harold Leger.
*1079 Nor do we find the damages awards insufficient. Riley Stelly testified he suffered a cut on his nose that required stitches, a cut below his eye that required stitches, the eye bone was fractured, his eye was swollen shut, several teeth were knocked out of place, and his gums required stitches. Among all three incisions he had between 35 and 40 stitches. The trial court awarded him $7,500 plus his special damages. Mrs. Lalonde testified her husband was attacked with brass knuckles and a broken beer bottle, leaving cuts on his face that required 64 stitches. The trial court awarded $15,000 for Lalonde's injuries, plus his medical expenses and loss of income. Although these awards might be considered somewhat low, they cannot be considered an abuse of discretion.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed equally among the parties.
AFFIRMED.
NOTES
[*] Johnny Lalonde died of unrelated causes during the pendency of the suit; his widow and minor child were substituted in his place as plaintiffs. Ellis Richard also died and his surviving spouse and heirs were substituted for him as defendants.