520 So.2d 1032 (1987)
Jack KARAM, Plaintiff-Appellant,
v.
Douglas DeSOTO & Dwayne Juneau, d/b/a D & D Building Specialists, Defendants-Appellees.
No. 86-988.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
*1033 K. Ray Rush, Oakdale, for plaintiff/appellant.
Bennett, Bennett & Bennett, William J. Bennett, Marksville, for defendants/appellees.
Before DOUCET and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge Pro Tem.
Jack Karam, plaintiff, owner of a building located in the City of Oakdale, Louisiana, sues Douglas DeSoto and Dwayne Juneau, d/b/a D & D Building Specialists, defendants, for damages in the sum of $9,925 as a result of improper performance of work on plaintiff's building. The trial court held in favor of the plaintiff and awarded $2,000 damages. The plaintiff appeals, seeking an increase in the amount of damages. The defendants answered the appeal, seeking reversal of any damage award to plaintiff.

FACTS
Family Dollar Store allegedly agreed to lease an area of 8,100 square feet of space in the southeast portion of the plaintiff's building. It therefore became necessary to have walls built to enclose the area leased to Family Dollar Store. In accordance with the plans and specifications, these walls were to be 135 feet long east and west, and 60 feet long north and south to join an existing wall on the south side. The plaintiff hired the defendants to build the two walls. The defendants were to furnish the labor and plaintiff was to furnish the materials. The defendants agreed to do the job for $2,500, did the work and were paid. Later it was discovered by Family Dollar Store that the east-west wall was only 118 feet in length rather than 135 feet. This resulted in the loss of approximately 1,000 square feet of space. The defendants contend they built the wall in the exact location and position pointed out by the plaintiff, although the plans and specifications *1034 called for a different location. The plaintiff contends he told them to follow the plans.
As a result of plaintiff's loss of space, plaintiff brought this lawsuit against the defendants demanding $9,925, which represents the amount necessary to tear down the existing wall and to reconstruct the wall in its proper location.

SPECIFICATIONS OF ERROR
By plaintiff:
1. The trial court erred in failing to award to plaintiff the full extent of his damages as established by the uncontradicted testimony of the plaintiff's expert witness.
By defendants:
1. The trial court erred in finding the defendants improperly constructed the wall.
2. The trial court erred in awarding damages to the plaintiff.

LIABILITY
As the trial court noted in the present case, it is unfortunate the parties did not reduce their contract to writing. The only evidence of their building contract, other than the self-serving testimony of the parties, is the building plan submitted by the plaintiff. The defendants have not offered any plans showing the allegedly agreed on modifications. The trial court accepted the plaintiff's plans and specifications as the agreement between the parties. We see no manifest error in this finding of fact.
A contractor is obligated to perform in accordance with the contract plans and specifications. See, Sarrazin v. Alfred A. Adams & Co., 110 La. 124, 34 So. 301 (1902); Hebert v. McDaniel, 479 So.2d 1029 (La.App. 3d Cir.1985); King Bros. Bldg. Contractors, Inc. v. McCullen, 393 So.2d 413 (La.App. 1st Cir.1980); LSA-C.C. art. 2769. Where remedial work is required to complete a project in accordance with plans and specifications, the cost of such remedial work must be borne by the party at fault. Alumaglass Corp. v. Adm'x of Succession of Kendrick, 303 So.2d 911 (La. App. 1st Cir.1974), writ refused, 307 So.2d 632 (La.1975). The trial court was correct in finding the defendant liable for failure to follow the plans and specifications.

DAMAGES
The test for whether the trial court has abused its discretion in the award of damages is set forth in Reck v. Stevens, 373 So.2d 498 (La.1979):
"Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of the discretion vested in the trial court."
* * * * * *
"Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive."
* * * * * *
"It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco [v. Winston Industries, Inc., 341 So.2d 332 (La.1977) ] for purposes of then determining what would be an appropriate award for the present case."
The trial court awarded the plaintiff $2,000 damages, despite the fact that the only expert opinion as to the cost of the remedial work was testimony by plaintiff's expert that it would cost $9,925 if the bathrooms are moved. The trial court assigned as reasons for his award the following:

*1035 "In any event the Court accepts the fact that the wall will have to be changed to make it 17 feet longer.
"Plaintiff also contends that the inner wall will have to be torn down and rebuilt and the bathrooms relocated. No competent proof such as testimony from Family Dollar Store was offered and the Court is of the opinion that this item of damage was not proven. The Court is of the opinion after considering the testimony and personally viewing the building that the inner wall can be demolished and the present outside wall with some minor modifications can serve as the future inner wall. It will be necessary therefore to construct a wall 60 feet north and south and a wall 17 feet east and west and join these walls. It was not proven that the bathrooms will have to be moved.
"The issue for decision is then who should bear this expense of this additional work and what will be the cost.
"In view of the fact that the sum of $2500 was a reasonable sum for the labor involved to construct 178 feet of wall (118 feet east and west and 60 feet north and south) and only 77 feet will have to be built (60 feet north and south and 17 feet east and west) plus the removal of the inner wall plus some additional materials. (According to the bid of Dudley Manuel he proposed to reuse the same materials.) Nevertheless, there will be loss of some materials and some additional work such as painting. The Court is of the opinion that the sum of $2000 would be a fair award for this additional work."
On appeal, the court's function is not to determine whether a different award might have been more appropriate, but whether the award by the trial court is reasonably supported by the record and justifiable inferences from the evidence. See Coco v. Winston Industries, Inc, 341 So.2d 332 (La.1976). We find there has been no abuse of the trial court's great discretion in awarding plaintiff $2,000 damages. Reck v. Stevens, supra. Accordingly, the award of $2,000 damages to plaintiff is affirmed.

DECREE
For the reasons assigned, the judgment appealed is affirmed. The costs of appeal are assessed to plaintiff.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.