574 So.2d 525 (1991)
Harold Scott HOLT, et al., Plaintiff-Appellants-Appellees,
v.
RAPIDES PARISH POLICE JURY, et al., Defendant-Appellees-Appellants.
No. 89-866.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1991.
On Rehearing March 8, 1991.
*527 R. Greg Fowler, Alexandria, for plaintiff-appellant.
Gold, Weems, Bruser, Sues & Rundell, Peggy St. John, Alexandria, for defendant-appellant.
Rivers & Beck, Robert Beck, Kenneth Doggett, Alexandria, for defendant-appellee.
Before FORET, KNOLL and KING, JJ.
KNOLL, Judge.
This case concerns a two-vehicle accident that happened on a rural gravel road in Rapides Parish. Plaintiffs, Winfred Holt, Sr. and Scott Holt filed suit against Howard Wells, Jr. and his mother, Elma B. Wells, the respective driver and owner of the other vehicle involved in the accident, and the Rapides Parish Police Jury and its insurer, Titan Holdings Syndicate, Inc. (Titan), for the alleged negligent maintenance of the road.
Following trial, the jury awarded $5,000 general damages to Scott Holt, $3,000 special damages to Winfred Holt, Sr., and apportioned 30% fault to Scott Holt, 20% fault to the Rapides Parish Police Jury, and 50% fault to Howard Wells, Jr.
In their devolutive appeal, the Holts contend the jury erred in: 1) apportioning only 20% fault to the Rapides Parish Police Jury; and 2) awarding only $8,000 in damages for the accident.
In their suspensive appeal, the Rapides Parish Police Jury and Titan contend the jury erred in: 1) assigning it 20% fault for the accident; 2) concluding that the gravel road presented an unreasonable risk of harm; and 3) concluding that the condition of the road was a cause-in-fact of the accident.
Elma B. Wells answered the appeal contending that the jury's apportionment of fault of 50% to Howard Wells should be reduced to 10%.

FACTS
On the afternoon of June 27, 1986, Howard Wells, Jr., Scott Holt, and his cousin, Craig, drove to a remote swimming area in rural Rapides Parish. After a few hours of swimming, Howard Wells, Jr. drove Craig home on Ed Coleman Road. Scott Holt returned to his home in his father's small truck. Upon arrival, Scott's father sent him to Craig's house to borrow a wrench. In the meantime, Howard left Craig's house and proceeded down Ed Coleman Road toward Scott's vehicle. Both vehicles entered a curve on Ed Coleman Road simultaneously and collided head-on in the center of the road.
At trial, Scott testified that he was traveling at approximately 20 m.p.h. when the accident happened. Scott could not see any oncoming vehicles around the curve because of the tall, dense foliage lining the inside of the curve. Once into the curve, Scott saw Howard's oncoming vehicle and applied the brakes. Scott's vehicle skidded and struck Howard's vehicle head-on. Scott suffered a fractured leg, two broken teeth on the lower jaw, and lost four teeth on the upper jaw.
Howard testified that after bringing Craig home, he proceeded back down Ed Coleman Road. As he approached the curve, Howard glanced at the inside of the curve to determine if a vehicle was approaching. However, because of the tall, dense foliage, Howard was unable to see around the curve. Just like Scott, once into the curve, Howard saw Scott's oncoming vehicle, applied the brakes and skidded into the vehicle.
Ed Coleman Road is a gravel road located in rural southwest Rapides Parish. The road begins at Louisiana Highway 465 and dead-ends approximately one mile later. Ed Coleman Road is primarily an ingress and egress route for four families who live on that road and has no warning signs. At the site of the accident, the gravel road measures between 18-20 feet wide and the curve is approximately a 90 degree turn. The combined widths of both vehicles involved in the accident is 11 feet 5 inches. *528 Both Scott and Howard testified that the foliage lining the inside of the curve was between 6-10 feet tall and obscured their respective fields of vision through the curve.
Testimony at trial also shows that the Rapides Parish Police Jury maintains the road and that the roadside foliage had been trimmed on September 4, 1984, July 1, 1985, and five days after the accident on July 1, 1986. The Rapides Parish Police Jury has no formal right-of-way for the gravel road and has had disagreements in the past with neighboring landowners regarding the trimming of the foliage.
Wilbert Sanders, Jr., a Louisiana State Trooper, investigated the accident. Sanders determined that both vehicles were traveling down the center of the gravel road and not in their respective lanes of travel. Sanders concluded that traveling left of the center line was the primary cause of the accident and vision obscurement by the foliage was a contributing factor in the accident.

LIABILITY OF RAPIDES PARISH POLICE JURY AND TITAN
The Rapides Parish Police Jury and Titan contend the jury erred in assessing it 20% fault for the head-on collision. The Holts contend the jury should have found the Rapides Parish Police Jury 100% at fault for the accident.
To recover under a theory of negligence, a plaintiff must prove: (1) the conduct complained of was a cause-in-fact of the accident; (2) the defendant had a duty to protect the plaintiff against the harm complained of; (3) the defendant breached that duty; and (4) the plaintiff was harmed by this breach of duty. Roberson v. State Through DOTD, 550 So.2d 891 (La.App. 2nd Cir.1989), writ denied, 552 So.2d 387 (La.1989).
For negligent conduct to be a cause-in-fact of harm to another, it must be a substantial factor in bringing about that harm. Paige v. Commercial Union Ins. Co., 512 So.2d 507 (La.App. 3rd Cir.1987), writ denied, 513 So.2d 823 (La.1987). A cause-in-fact is a necessary antecedent. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); State Farm Mut. Ins. Co. v. South Cent. Bell, 343 So.2d 758 (La.App. 3rd Cir. 1977).
In Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430, 432-33 (La.1975), the Louisiana Supreme Court summarized the legal responsibility of a parish police jury to maintain its roads:
"A parish police jury, however, is not an insurer of travelers upon its highways, roads and streets. The duty owed is to exercise reasonable care to keep these public ways in such condition that travelers who are prudent and ordinarily careful will not be exposed to injury, day or night. Louisiana's jurisprudence on the subject is built upon the theory that fault is a prerequisite to responsibility in these cases.
Although a parish is not an insurer of the safety of travelers on its highways, roads and streets and it must keep these ways reasonably safe, they need not be maintained in perfect condition to render the parish free from liability in damages. Defects which are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Liability will only be imposed when the defect is dangerous or calculated to cause injury.
There is no fixed rule for determining what is a dangerous defect in a public way; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question: Was the public way maintained in a reasonably safe condition for persons exercising ordinary care and prudence?" (Emphasis added.) (Citations omitted.)
Louisiana law is well-rooted that the overgrowth of foliage on the side of a roadway creates an unreasonable risk of harm. Breshers v. DOTD, State of La., 536 So.2d 733 (La.App. 3rd Cir. 1988), writs denied, 541 So.2d 854, 856 (La.1989); (foliage overgrowth in a curve); Keith v. Bearden, 488 So.2d 1071 (La.App. 2nd Cir.1986), *529 writ granted, 491 So.2d 13 (La. 1986), affirmed as amended, 498 So.2d 706 (La.1986) (overhanging willow tree obscuring part of the roadway); Dabov v. Allstate Insurance Company, 302 So.2d 697 (La.App. 3rd Cir.1974), writs refused, 305 So.2d 539, 540 (La. 1975) (narrow bridge obscured by overgrown foliage).
In the case sub judice, the Rapides Parish Police Jury had a duty to maintain Ed Coleman Road in a reasonably safe condition. Testimony shows that the police jury has maintained the road in the past even though it has no formal right of way.
However, the circumstances surrounding the accident in the case sub judice clearly show that the overgrowth of foliage was not a cause-in-fact of the accident. The record shows that both vehicles were traveling in the center of the roadway into the 90 degree curve although there was ample space for the vehicles to pass in their respective lanes of travel. Also, both drivers were familiar with this gravel road and, in fact, Howard Wells had driven through that same curve only minutes earlier. As the police jury correctly pointed out in its brief, the undeniable fact is the tall roadside foliage did not prevent the drivers from keeping their respective vehicles in the proper lanes of travel while driving through an otherwise blind curve.
In another case involving overgrown roadside foliage, this court held that the improper maintenance of the road was the cause of the accident. Breshers, supra. However, in that case, the facts also show that the roadway in question was extremely narrow (12 feet), that the shoulders of the roadway were severely overgrown with tall brush and foliage all the way to the edge of the roadway, and that the defendant was traveling at a safe speed in his own lane of travel. In Johnson v. American Southern Ins. Co., 569 So.2d 1071 (La.App. 3rd Cir.1990), another recent case involving overgrown brush, we found no liability. In that case, the only cause-in-fact of the accident proven by plaintiff's evidence was that defendant's vehicle crossed the center line of the roadway and collided head-on with plaintiff's vehicle.
Plaintiff's proof of lack of warning signs and the presence of overhanging brush did not establish the lack of maintenance of the road as the cause of the accident or as a substantial factor in bringing it about.
In the case sub judice, the roadway was 18-20 feet wide, the foliage had not grown onto the roadway, and both vehicles were occupying the center of the roadway. Considering the facts in the case sub judice, we conclude that the jury committed manifest error in finding that the tall foliage was a cause-in-fact of the accident, therefore, we remove the 20% fault the jury assessed to the Rapides Parish Police Jury. For the above reasons, we also conclude that the cause-in-fact of the accident was both drivers' equal failure to keep their vehicles in their respective lanes of travel while negotiating the blind curve. See Devall v. Morgan, 424 So.2d 522 (La.App. 5th Cir.1983), writ denied, 427 So.2d 1214 (La. 1983). Accordingly, Scott Holt is assessed with 50% fault and Howard Wells, Jr. is assessed with 50% fault.

DAMAGES
The Holts contend that the jury erred in awarding only $5,000 in general damages for the injuries suffered and $3,000 in special damages partly for the total loss of their Isuzu pickup truck.
The primary considerations in assessing damages are the severity and duration of the injured party's pain and suffering. Miller v. Winn-Dixie Stores, Inc., 527 So.2d 989 (La.App. 3rd Cir.1988), writ denied, 531 So.2d 763 (La.1988). In considering quantum awards, we must concentrate on the particular injuries involved and the effect of those injuries on the plaintiff without first resorting to prior jurisprudence. Highlands Ins. v. Missouri Pacific R. Co., 532 So.2d 317 (La.App. 3rd Cir. 1988), affirmed, 540 So.2d 287 (La. 1989).
In the case sub judice, the record shows that Scott Holt received stitches for a lacerated lower lip, lost four teeth, and two badly fractured teeth had to be extracted. Crowns were placed over two other chipped teeth and a partial plate was *530 constructed in place of the missing four teeth. Scott Holt also wore a partial leg cast for six weeks for his fractured ankle. He also received numerous lacerations and bruises on the forehead, chest, and chin.
Since the accident, Scott has had trouble eating solid foods such as apples and steaks and the partial plate often becomes dislodged during conversations. Although the leg injury has not prevented Scott from hunting or fishing, his ankle often hurts when the weather changes.
Considering the extent and duration of his injuries, we conclude that the jury award of $5,000 is an abuse of discretion and increase the award to $12,500. Lalonde v. Mabry, 489 So.2d 1076 (La.App. 3rd Cir.1986); Walpole v. Weathersby, 465 So.2d 950 (La.App. 2nd Cir.1985).
Regarding the special damage award for the loss of the Holt vehicle, it is well-settled law that when an automobile is a total loss, the owner is entitled to recover the market value of the vehicle before the accident less its salvage value, if any. Brown v. Morgan, 449 So.2d 606 (La.App. 1st Cir. 1984). Proof of salvage value is an absolute prerequisite to a recovery for the total loss of a vehicle. Roy v. Commercial Union Assur. Co., 385 So.2d 1273 (La.App. 3rd Cir. 1980).
In the case sub judice, the record is void of any evidence of the salvage value of the vehicle. The Holts offered no estimates or testimony from an expert witness concerning the salvage value. The only evidence admitted at trial was photographs of the damaged vehicle and scant testimony from Winfred Holt, Sr., about the ownership and age of the vehicle. Considering the lack of evidence in the case sub judice, we cannot increase the special damage award for the loss of the Holt vehicle nor omit it, since neither the Rapides Parish Police Jury nor the Wells have assigned it as error.[1] Uniform RulesCourts of Appeal Rule 1-3.
For the foregoing reasons, the judgment of the trial court is amended as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of plaintiffs, Harold Scott Holt and Winfred Holt, Sr., and against defendants, Howard Wells, Jr., and Elma B. Wells, in the amount of $15,500.00 ($12,500.00 general damages and $3,000.00 special damages).
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff, Harold Scott Holt, and defendant, Howard Wells, Jr., are both equally apportioned 50% fault for the accident.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of defendants, Rapides Parish Police Jury and Titan Holdings Syndicate, Inc. dismissing plaintiffs' and defendants', Howard Wells, Jr. and Elma B. Wells, claims against Rapides Parish Police Jury and Titan Holdings Syndicate, Inc., with prejudice.
Costs of this appeal are assessed 50% to plaintiffs, Harold Scott Holt and Winfred Holt, Sr., and 50% to defendants, Howard Wells, Jr., and Elma B. Wells.
AMENDED IN PART, REVERSED IN PART AND RENDERED.
Before FORET, KNOLL and KING, JJ.
PER CURIAM.
The application for rehearing filed by Elma B. Wells and Howard Wells, Jr., brought to our attention that we inadvertently left out any credits in favor of Howard Wells and Elma B. Wells that exceeded any amounts owed to Harold Scott Holt and/or Winford Holt, Sr. Therefore, we grant the rehearing with this per curiam for the limited purpose of correcting this oversight. Accordingly, judgment is hereby granted recognizing that Elma B. Wells and Howard are entitled to credits to the full extent of the payment by State Farm *531 Mutual Automobile Insurance Company to Harold Scott Holt and/or Winford Holt, Sr.
NOTES
[1] The general verdict jury award of $3000 special damages apparently included $2137.05 for medical expenses actually incurred by Winfred Holt, Sr. and $862.95 for the loss of the Holt vehicle. Given Winfred Holt, Sr's. full recovery of medical expenses, we conclude the jury did not commit manifest error in its award for medical expenses.