580 So.2d 1015 (1991)
Stephanie Ann FERGUSON, Plaintiff-Appellee,
v.
VILLAGE OF DRY PRONG, et al., Defendants-Appellants.
No. 89-1206.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
*1016 Wilbert J. Saucier, David L. Guillory, Pineville, for plaintiff-appellee.
Gold, Weems, Bruser, Sues & Rundell, Joseph R. Ballard, Alexandria, for defendants-appellants.
Before DOMENGEAUX, C.J., and GUIDRY and LABORDE, JJ.
LABORDE, Judge.
This appeal arises out of a rear-end collision between a vehicle driven by plaintiff, Stephanie Ann Ferguson, and a vehicle operated by L.C. Hattaway and owned by defendant, the Village of Dry Prong. The sole issue raised on appeal is quantum. We affirm.

FACTS
On August 24, 1987, at approximately 8:00 p.m., plaintiff was operating a 1979 Ford Fairmount in a northerly direction on U.S. Highway 167 in Grant Parish, Louisiana. When plaintiff slowed her vehicle to turn off Highway 167 on to Bob Frazier Road, she was struck from behind by a 1986 Chevrolet Caprice being driven by L.C. Hattaway and owned by the Village of Dry Prong. L.C. Hattaway is Chief of Police for the Village of Dry Prong and it was stipulated at trial that he was in the course and scope of his employment at the time of the accident. Plaintiff alleges that she suffered serious injuries as a result of the collision. Plaintiff filed this action on December 23, 1987, naming as defendants, the Village of Dry Prong and its insurer, Risk Management, Inc.[1] Trial on the merits was held on March 13, 1989. Subsequently, the trial court rendered judgment in favor of plaintiff and against defendant, the Village of Dry Prong, awarding her $75,000.00 in damages. The Village of Dry Prong now lodges this appeal, contending that the trial court's damage award is excessive.

QUANTUM
Before a trial court award for damages can be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. A damage award should not be disturbed by a reviewing court absent a showing of a clear abuse of the discretion vested in the trial court. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). On appeal, the court's function is not to determine *1017 whether a different award might have been more appropriate, but whether the award by the trial court is reasonably supported by the record and justifiable inferences from the evidence. Karam v. DeSoto, 520 So.2d 1032 (La.App. 3d Cir.1987).
After a careful review of the record, we determine that the trial court did not abuse its discretion in awarding plaintiff $75,000.00 in damages.
Plaintiff testified that shortly after the accident occurred she began to feel pain in her neck, lower back and right leg. She stated that for five or six days after the accident, she took hot baths and aspirin, but that the pain only grew worse. Plaintiff first saw Dr. Fred Bates, a chiropractor, on September 1, 1987.
Dr. Bates' deposition was entered into evidence at the trial of this matter. Dr. Bates testified that plaintiff gave him a history of pain in the right side of her neck and her right shoulder, along with pain in her lumbar spine, mostly on the right side, going into the right hip. She also complained of stiffness in her neck, pulling and burning in the right side of her spine and hip grinding accompanying walking. She told Dr. Bates that activity exacerbated the pain in her neck and back.
Dr. Bates' visual examination of plaintiff's cervical spine revealed that her left shoulder was higher than her right and that she had a knot in the right side of her neck. His physical examination of her cervical spine revealed some restricted movement together with protruding pain upon palpation in the 2C area. X-rays of the cervical spine showed a misalignment in the 2C vertebra. Dr. Bates' visual examination of plaintiff's lumbar spine indicated that she had a lumbar curvature with the right paravertebral muscles being swollen and contracted. Physical examination revealed that there was a ¾ inch deficiency in her right leg in the supine position and that leg extension and lifts were restricted and caused pain. Lumbar x-rays showed right lumbar scoliosis, a misalignment in the 5L and 2L vertebras and a high left ilium. Dr. Bates' diagnosis was a cervical strain with subluxated 2C vertebra and paravertebral muscle spasms, right lumbar scoliosis, radiculitis in the right leg and a subluxated 5L and 2L vertebra. Dr. Bates opined that the scoliosis could have been exacerbated by the accident. He further theorized that the misalignment of the vertebra may have been dormant but became aggravated as a result of the accident.
Plaintiff visited Dr. Bates' office on a weekly basis during the fall of 1987. Treatment consisted of the application of intersegmental traction and manipulation. Dr. Bates testified that plaintiff's muscle spasm improved over time and that he thought he achieved better results in her neck than in her back. He stated that plaintiff could only hold an adjustment in her back for three or four days until she exerted herself and the problem would be aggravated once again. Dr. Bates noted that he probably placed some restrictions on her activities, although he has no documentation to confirm it. Dr. Bates did not refer her to the care of a physician. He made no prognosis regarding her conditon, nor did he comment on the permanency of her injuries.
Plaintiff went to see another chiropractor, Dr. Robert Boisvert, on December 22, 1987. Dr. Boisvert, testifying at the trial of this case, stated that plaintiff related that she was in good health until the collision. Examination of plaintiff revealed a muscle spasm in the cervical region and pressure in mid-cervical region radiating down the right side into the shoulder and down into the sacroiliac joint. His diagnosis was moderate to severe thoracic sprain, severe lumbar disk syndrome with associated sciatic neuralgia. X-rays taken of plaintiff revealed some right lumbar scoliosis. Dr. Boisvert was of the opinion that her scoliosis was a preexisting condition which was dormant until it was aggravated by the accident. Dr. Boisvert made an appointment for plaintiff to see a physician, although the appointment was cancelled because she was responding well to the adjustments. Dr. Boisvert got the plaintiff to what he considered maximum medical improvement and told her to return as needed. He stated that he would advise her not *1018 to lift heavy objects and particularly not to bend and lift at the same time. Dr. Boisvert testified that this would be a restriction that he would place on her from now on, but that he has not been requested to write to plaintiff's employer restricting her work activities. As for his prognosis, Dr. Boisvert related that she will probably have flare ups, primarily in her lower back, when she exerts herself, and that she most likely will need future treatment.
Plaintiff also testified at trial. She related that she did not have any trouble with her back before the accident and was unaware that she had scoliosis until she saw the chiropractors. Plaintiff was twenty years old at the time of the accident and testified that she enjoys outdoor activities but that she experiences pain when she exerts herself. Since the time of the accident, plaintiff has obtained work at the Grant Parish Public Library as a bookmobile assistant. She testified that her job requires that she lift books and that the less lifting she does, the better she feels. Plaintiff further noted that she still feels some pain from the injuries she sustained. She has never seen a medical doctor and has not taken any prescription medicine for her condition.
Although on the high side, we cannot say that the trial court's award of $75,000.00 to plaintiff constitutes an abuse of its great discretion.
For the reasons stated above, we affirm the judgment of the trial court. Costs of this appeal are to be borne by defendant, the Village of Dry Prong.
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons.
GUIDRY, Judge, dissenting.
In my opinion, the record in this case clearly establishes that the trial court's award is excessive and constitutes a clear abuse of discretion.
The plaintiff has never seen a medical doctor for her injury, was never prescribed any medication and has had no formal restrictions placed on her activities, work or otherwise. At best, the evidence establishes that plaintiff suffered a minor to moderate cervical strain and lumbar strain. I opine that the highest amount the trial court could have awarded is the sum of $35,000. Accordingly, I would reduce the trial court's award to that sum and affirm as amended. For these reasons, I respectfully dissent.
NOTES
[1] Allstate Insurance Company was also named as a defendant, but was dismissed without prejudice from the suit on March 1, 1989.