KNOLL, Judge.
This appeal arises out of an automobile collision which occurred when defendant, Marcia Richmond, attempted to pass plaintiff, Keith Boothe, who was simultaneously maneuvering a left turn. Marcia, and her insurer, State Farm Mutual Automobile Insurance Company, appeal the trial court’s award of damages and apportionment of fault. For the reasons which follow, we affirm the judgment of the trial court.
FACTS
This appeal involves an automobile accident which occurred when Marcia, driving a 1989 Chevrolet pickup truck owned by Keith Cooks, attempted to pass a 1980 Chevrolet pickup truck, owned by Clifford Boothe, driven by his son, Keith Boothe, which was simultaneously turning left into a parking lot. The impact propelled Marcia’s vehicle into the building of the Cata-houla Fire Protection District No. 1, which was insured by Commercial Union Insurance Company.
Keith and Clifford sued State Farm and Marcia on December 20, 1989, for personal and property damages. State Farm reconvened against the Boothes praying for a judgment for $12,100 which it paid to Keith Cooks for damages to his vehicle and $1,375.04 which it paid to Marcia for her personal injuries. Marcia, through separate counsel, reconvened against the Boothes for medical expenses and personal injury damages. Consolidated with the above suit is' Commercial Union’s suit against Keith and Marcia to recover $2,000, the amount paid to its insured, Catahoula Fire, plus the $250 deductible paid by Cata-houla Fire.
After a trial on the merits, the trial court rendered judgment finding Keith 20% at fault and Marcia 80% at fault. The trial court awarded the following amounts which were reduced in accordance with its allocation of fault: to Keith — general damages of $11,200 and special damages of $200 for medical expenses; to Clifford— $2,000 for property damage; to State Farm on its subrogation claim — $2,420, and on its uninsured motorist claim — $275.01; to Ca-tahoula Fire — $250; and to Commercial Union on its subrogation claim — $2,000. The trial court did not issue reasons for judgment.
State Farm and Marcia appeal, asserting that the trial court erred in its apportionment of fault and award of damages. For the reasons which follow, we affirm.
APPORTIONMENT OF FAULT
State Farm and Marcia contend that the trial court erred in assessing Marcia with 80% fault and Keith with 20%. Louisiana jurisprudence confirms statutory law by holding that both a left turning motorist and an overtaking and passing motorist must exercise a high degree of care as they are engaged in dangerous maneuvers. Cormier v. Habetz, 542 So.2d 814 (La.App. 3rd Cir.1989); Harris v. Aetna Ins. Co., 509 So.2d 486 (La.App. 3rd Cir.1987).
The record indicates that the two vehicles in question collided as Marcia was attempting to pass Keith in a passing zone at which time he attempted to negotiate a left turn into a private driveway. Marcia attempted her passing maneuver while approaching a school zone. However, neither vehicle was travelling at an excessive rate of speed, with Marcia travelling at approximately 55 MPH, the posted limit, and Keith having slowed significantly in anticipation of turning.
State Trooper Dennis Warwick recalled after studying his accident report that Keith had been drinking alcohol, but did not appear intoxicated. However, Keith and Hank Mason, a witness whose company Keith had departed immediately prior to the accident, testified that Keith had not been drinking.
Trooper Warwick additionally testified that the point of impact was 2 feet over the center line, whereas Keith testified that he had not crossed the center line. Warwick issued Keith a ticket for improper left turn to which Keith pleaded not guilty. Both Keith and Hank testified that Keith’s vehicle had its turn signal and headlights on, and Marcia’s headlights were off. At the scene of the accident, Hank gave a state *874 ment of similar content to the trooper. Keith testified that he looked in his rear-view mirror immediately before turning left, but did not see Marcia until they collided. Marcia testified that her headlights were off, but could not remember whether Keith had engaged his brake lights or turn-iñg signals. The accident occurred at dusk in clear weather. The vehicles apparently hit at an angle, with the left rear bumper of Keith’s truck impacting with the right front bumper of Marcia’s.
A court of appeal may not set aside a trial court’s findings of fact in the absence of manifest or clear error, and when testimony conflicts, an appellate court should not disturb reasonable evaluations of credibility and inferences of fact even though it may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). When findings are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact’s findings, for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on a listener’s understanding and belief of what is said. Id.
In the case sub judice, the trial court apparently concluded that Keith was partially at fault for failing to observe the approaching vehicle in ascertaining whether the left turn could have been made safely. The trial court also must have determined that Marcia was more at fault for failing to observe Keith’s turning signals and reduction in speed, which should have indicated that he was preparing to turn. The trial court had the opportunity to evaluate live witness testimony in formulating its factual conclusions. After thoroughly reviewing the testimony of all witnesses, we cannot find that the trial court’s allocation of fault of 80% to Marcia and 20% to Keith was clearly or manifestly erroneous.
QUANTUM
Next, State Farm and Marcia attack the trial court’s damage awards.
First, they contend that the award to Keith of $11,200 ($14,000 reduced by his 20% fault) was excessive and unsupported by the evidence. Before an appellate court may question a jury’s award of general damages as excessive, it must look first, not to prior awards, but to the individual circumstances of the present case. An appellate court should not disturb the damage award absent a clear abuse of discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); Cormier, supra. Our function is not to determine whether a different award might have been more appropriate, but whether the award by the trial court is reasonably supported by the record and justifiable inferences from the evidence. Karam v. DeSoto, 520 So.2d 1032 (La.App. 3rd Cir.1987).
In the case sub judice, Keith testified that in addition to bruises and soreness, he suffered physical injury to his knees. He could no longer engage in physical activities such as basketball and, at the' time of trial, still suffered from pain for which he had taken prescription drugs. Dr. Earl Stewart of the Sicily Island Medical Center examined Keith on February 3, 1989 and February 20, 1989. Although he did not testify, his notes were introduced into the record. His records confirm Keith's complaints of pain and indicate that he suffered contusions of the knees and chest, with probable tendonitis and chronic knee pain. His notes evidence that he did not find ligament damage. Dr. Stewart recommended orthopedic consultation, but Keith and Clifford ruled out orthopedic surgery as an option. Keith’s medical bills totaled $280, for which the trial court awarded him $200.
While the evidence concerning Keith’s injuries is slight, and the damage award on the high side, our review of the facts of this case and Louisiana jurisprudence does not indicate that the damage award to Keith is excessive or constitutes an abuse of the trial court's discretion. See, e.g., Sonnier v. Reed, 532 So.2d 344 (La.App. 3rd Cir.1988).
Marcia asserts that the trial court erred in failing to award her damages. Due to injuries received in the accident, Dr. *875 Floyd 0. Jones treated her at the Riverland Medical Center. The trial court awarded State Farm $275 for Marcia’s medical expenses paid by it to Marcia. This amount equals the total amount of her medical expenses as stipulated by the parties reduced by her 80% fault. Thus, no medical expenses are owed to her.
Furthermore, Marcia presented no evidence of the extent of her injuries or pain and suffering other than to state that she hurt her knee and neck. Because she failed to prove her case by a preponderance of the evidence, we cannot find that the trial court erred in failing to award her damages.
Finally, State Farm and Marcia contend that the property damage award to Clifford of $2,000 was not supported by the record. When an automobile is a total loss, the owner is entitled to recover the market value of the vehicle before the accident less its salvage value. Holt v. Rapides Parish Police Jury, 574 So.2d 525 (La.App. 3rd Cir.1991). Clifford testified that he had purchased his pickup a couple of months prior to the accident for either $2,900 or $3,000. After the accident, which resulted in a total loss of the pickup, he sold it for a salvage value of $450. Densel Cox, a property damage expert, estimated the value of the truck to be between $2,900 and $3,100. He simply based his estimate on the average retail sales price of a truck of the same model and year as Clifford’s truck in fairly good shape.
Considering this evidence, we find that the record supports an award to Clifford for at least $2,000 for damage to his pickup. We cannot find that the trial court’s award to Clifford of $2,000 amounted to manifest error.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed equally between State Farm Mutual Automobile Insurance Company and Marcia Richmond.
AFFIRMED.