344 So.2d 434 (1977)
Edward H. FALLON, Sr.
v.
Terry D. DORSETT.
No. 11187.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
*435 Edward H. Fallon, Jr., Slidell, for plaintiff-appellant.
Lloyd R. Walters, Alvin D. Singletary, Slidell, for defendant-appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
This action arose from an accident which occurred in a residential area of Slidell, Louisiana, on April 20, 1969, involving a vehicle driven by defendant, Terry D. Dorsett, and the plaintiff's minor son, Brian Fallon. It was the plaintiff's contention that the accident occurred when Brian, who was stopped by the side of the road, was struck in the head by the handle of a lawnmower which was being hauled in the trunk of the defendant's vehicle. Various personal injuries were allegedly sustained, including damage to an eye. It was the defendant's contention that the young boy ran out into the street and into the side of defendant's moving vehicle.
At the trial the plaintiff put on eight witnesses, exclusive of medical evidence produced by deposition, including the defendant on cross examination. Only two of those eight witnesses could be classified as disinterested and neither of them actually saw the accident. The defendant put on six lay witnesses. Two of them were disinterested and both testified that they actually saw the accident.
The trial judge concluded that the plaintiff had failed to sustain the burden of proving his case by a preponderance of the evidence. A devolutive appeal was taken.[1] We affirm.
We find from our review of the evidence that it is insufficient to support the plaintiff's contention that Brian Tallon was standing on the grass at the edge of the road when the defendant's vehicle swerved in his direction so close that the handle, protruding from the trunk, struck him in the head.
Cyril B. Miller, who lived in the neighborhood and was out on his lawn at the time of the accident, testified:
"Q. Mr. Miller, did you see this accident that we are talking about today that happened on April 20, 1969?
A. Yes, sir.
Q. Tell us what you saw.
A. I saw the younger Fallon boy come out of his garage, down his driveway and physically run into the side of the car being driven down the street.
Q. O.K. What side of the car did he run into, Mr. Miller?
A. That would have been the right side of the car.
* * * * * *
Q. Was the car proceeding at a fast rate of speed or a slow rate of speed or what?
A. I would say it was a normal, or normal, a normal speed, or slow for the residential area.
Q. O.K. Now you say the Fallon boy ran from what side of the street now?
A. That would have been the north side of the street. He was headed south.
Q. O.K. Was he walking or what?
A. He was going at a rather fast clip, sort of running like.
Q. Could you tell why he was running?
A. I don't know for sure why he was running, but I had the opinion he was getting away from his dad for a moment because I could hear his father, I didn't see him, I could hear him talking rather loudly and I thought maybe he had, was getting after him a bit and he was getting out of the way.
* * * * * *
Q. O.K. Did you see Brian Fallon look to the left or right before entering the street? *436 A. No, but he appeared to be looking back as though someone was saying something or whatever, to catch what was going on behind him."
Another neighbor and disinterested witness, Mrs. Fay Poland (Polen), testified that the Dorsett vehicle was proceeding slowly down the residential street when the young Fallon boy ran across the street behind the Dorsett car ". . . and all of a sudden he held his head and Mr. Fallon came running out and started hollering at . . . Mr. Dorsett . . . I didn't realize he (Brian) had hit the car until he held his head."
It is established and well recognized that in a tort case the burden of proof rests on the party who charges negligence. It must be established with reasonable certainty and by a preponderance of the evidence; a showing of the mere possibility or probability of negligence is insufficient. Alexander v. St. Paul Fire & Marine Insurance Co., 312 So.2d 139 (La.App. 1 Cir. 1975), writ denied, La., 313 So.2d 846; Maher v. Alonso, 222 So.2d 562 (La.App. 4 Cir. 1969).
Applying the foregoing rule, we find that the plaintiff has failed to bear that burden. Certainly it can not be said that a preponderance of the evidence supports the plaintiff's claim of Dorsett's negligence when we consider the fact that the testimony of his friendly witnesses is contradicted by that of the defendant's disinterested witnesses. There is no corroboration of the plaintiff's position by the circumstances or from any disinterested witness, whose testimony, if credible, is entitled to great weight. See Alexander v. St. Paul Fire & Marine Insurance Co., supra; Waddell v. Gravois, 187 So.2d 486 (La.App. 4 Cir. 1966).
Appellant's assignment of error that the defendant should have been held to certain factual admissions made by the said defendant, in answers to interrogatories and in a pre-trial order, is without merit. There was no proof that the plaintiff was misled or deceived by any such admissions. See St. Paul Fire & Marine Insurance Co. v. Roberts, 331 So.2d 529 (La.App. 1 Cir. 1976).
This case is basically one of the determination of factual findings. The trial court had ample credible evidence to support his conclusions. Therefore, we cannot and shall not disturb it; Dyson v. Gulf Modular Corporation, 338 So.2d 1385 (La.1976); Hoover v. Beatty, 323 So.2d 490 (La.App. 1 Cir. 1975).
For the foregoing reasons, the judgment appealed from is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] On November 10, 1975, before the original return date for the appeal, on motion of Brian D. Fallon, an order was filed allowing him, having become a major, to be substituted "as proper party plaintiff in these proceedings."