465 So.2d 263 (1985)
Lillian Scott EDWARDS, et al., Plaintiffs-Appellants,
v.
CITY OF LEESVILLE, et al., Defendants-Appellees.
No. 84-166.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
Writ Denied April 19, 1985.
Dorwan G. Vizzier, of Broussard, Bolton & Halcomb, Alexandria, for plaintiffs-appellants.
Trimble, Percy, Smith, Wilson, Foote, Walker & Honeycutt, James T. Trimble, Jr., Alexandria, David R. Lestage, DeRidder, Edward G. Randolph, Alexandria, F. *264 Clay Tillman, Jr., Leesville, for defendants-appellees.
Before DOMENGEAUX, KNOLL and KING, JJ.
KNOLL, Judge.
The heirs of George Edwards and Lillian Scott Edwards appeal the trial court's denial of their damage claim for the wrongful death of George Edwards. The Edwards heirs sued the City of Leesville and its insurer, the Hartford Accident & Indemnity Co. (hereafter Hartford), alleging that an overgrowth of bushes along a city street caused George Edwards to step into the street where he was struck by a pickup truck. The trial court concluded there was no causal relationship between the shoulder obstruction and the injury, and further ruled that the cause-in-fact of the fatal injury was the negligence of the driver who struck Mr. Edwards.
The Edwards heirs have perfected the following assignments of error: (1) the trial court was manifestly erroneous in failing to find the City of Leesville's allowance of an overgrowth of bushes which blocked a pedestrian walkway on the grassy shoulder was the cause-in-fact of George Edward's fatal accident; and (2) the trial court erred in using a standard of ordinary negligence rather than strict liability in its analysis of the City of Leesville's obligation to George Edwards. Should we find liability on the part of the City of Leesville, the Edwards heirs further urge that we assess damages and find that the Hartford insurance policy provides coverage for the City of Leesville's negligence. We affirm finding the trial court was not manifestly erroneous in its determination that the shoulder obstruction was not the cause-in-fact of George Edward's death.

FACTS
George Edwards died as the result of injuries he sustained when he was struck by a pickup truck driven by Richard P. Jeane while walking in the west lane of North Verone, a two-laned asphalt street located in a residential section of the City of Leesville. The street has a width of twenty-eight feet from curb to curb. There are no sidewalks along North Verone. Except for an area near the center of the block on the west side where the shoulder narrows because of an overgrowth of bushes, the grassy shoulder beyond the curb provides sufficient room for pedestrian traffic. Despite the availability of this walkway beyond the curb, pedestrian traffic on the asphalt surface of North Verone is common.
The accident occurred on December 2, 1978, at approximately 6:00 p.m. George Edwards, eighty-one years of age, wearing dark clothing was returning to his home at the corner of North Verone and Union Street with his wife, Lillian Edwards, after attending a business meeting at Mount Olive Baptist Church which was located on Anacoco Street, approximately one block north of their home. Mr. Edwards was walking on the street in a southerly direction on its west side. Richard P. Jeane, seventeen years of age, was driving his father's pickup truck at a speed of twentyfive to thirty miles per hour in his lane of travel in a southerly direction on North Verone. Jeane did not see Mr. Edwards walking in the street; the right front of his pickup truck struck Mr. Edwards killing him almost instantly.
The Edwards heirs settled their claim against Richard Jeane, his parents and liability insurer, but reserved their rights against the City of Leesville and its municipal insurer.

PROOF OF CAUSATION
The Edwards heirs contend that George Edwards sustained fatal injuries because a large overgrowth of bushes obstructed pedestrian passage along the grassy shoulder which lay to the west of North Verone beyond the curb, and forced him to walk in the street.
A defendant's action or conduct is a cause-in-fact of harm to another, if but for its conduct the accident or harm would not have occurred, or if its conduct is a substantial *265 factor in bringing about the harm. Carpenter v. Travelers Insurance Co., 402 So.2d 282 (La.App. 3rd Cir.1981); Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
Whether the plaintiff seeks recovery under a negligence or strict liability theory, he must prove that the negligent act or defect complained of was a cause-in-fact of the injury. Canty v. Terrebonne Parish Police Jury, 397 So.2d 1370 (La. App. 1st Cir.1981), writ denied, 401 So.2d 988; Renfro v. South Coast Corp., 374 So.2d 122 (La.App. 1st Cir.1979).
The plaintiff's burden in a tort case is to prove causation by a preponderance of the evidence. This burden may be met either by direct or circumstantial evidence. Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971). Proof by a preponderance of evidence exists when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982). A showing of the mere possibility or probability of negligence is insufficient to establish negligence by a preponderance of the evidence. Fallon v. Dorsett, 344 So.2d 434 (La.App. 1st Cir.1977).
The trial judge in his well-considered reasons held:
"The sole, proximate cause of the accident was the negligence of the driver of the pickup truck in failing to maintain a proper lookout, failing to see that which he should have seen. If traveling at only 25 to 30 miles per hour (as he testified and there is no evidence to dispute this) with his headlights turned on he should have been able to see Mr. Edwards and either swerve or stop in order to avoid striking him.
I conclude, therefore, that the failure of the City to cut the weeds and growth was not a cause in fact of the accident, under C.C. Article 2315. Neither do the facts present the criteria for, nor support the applicability of, C.C. Article 2317: (1) the thing in its custody; (2) unreasonable risk of injury; and (3) injury caused by the defect."
After a review of the record, we can not state that the trial judge, who heard the testimony of the witnesses and observed their demeanor, was clearly wrong in its conclusion that the obstruction on the grassy shoulder of the municipal street was not the cause-in-fact of the death of George Edwards. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Because of our adverse determination of this threshold issue we pretermit any discussion of the other arguments raised by appellants.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.