COVINGTON, Chief Judge.
Defendant appeals the judgment of the trial court awarding plaintiff damages in this suit for allegedly illegally towing plaintiff’s vehicle from private property. Because we find that plaintiff failed to meet the burden of proof in establishing a prima facie case against defendant, we reverse the judgment.
The record establishes that plaintiffs husband was in an auto accident on October 24, 1985. Subsequent to the accident, plaintiff and her husband had the vehicle towed to what had been the business premises of the husband’s former employer, U.S. Rentals, as the couple was in the process of moving to Houston, Texas. Plaintiff’s husband was already working for the U.S. Rentals in Houston. Plaintiff testified that the Baton Rouge shop of U.S. Rentals had just closed, but that she and her husband had permission from his employer to leave the vehicle there. However, plaintiff also testified that U.S. Rentals had been leasing from a Ms. Davis, the property owner, who had been responsible for having defendant tow the vehicle off the property.
Plaintiff further testified that she and her husband were to have until November 6, 1985, to see to the removal of their car because U.S. Rental’s lease from Davis expired on that date. In support of this contention, plaintiff introduced into evidence two documents: an undated letter from a person in the Houston office of U.S. Rentals, verifying permission to store the vehicle at the Baton Rouge office; and a written “release of claims” signed by Milli-gene B. Davis, dated November 6, 1985, which referred to U.S. Rentals’ desire to terminate its lease and Ms. Davis’ desire to accept its settlement offer to that effect. However, plaintiff also introduced into evidence a letter from Ms. Davis advising plaintiff that U.S. Rentals had returned the property to her on August 28,1985, so that its permission to leave the vehicle there after that date was basically meaningless. The letter further stated that the state police, the sheriff’s department, and the city police had attempted to locate plaintiff so that she could remove her vehicle from the property, and that when these efforts failed, these authorities gave permission to Ms. Davis to have defendant remove the vehicle from the premises.
We have carefully reviewed the record and documentary evidence in this case and find that the trial judge was manifestly erroneous in rendering judgment for the plaintiff. Even though defendant did not appear in court to testify, plaintiff’s own evidence was insufficient to sustain her burden of proof. Plaintiff’s testimony that the shop had already closed, and that Ms. Davis was the property owner, together with the letter from Ms. Davis and the written release of claims signed by her do not support a finding of liability on the part of defendant. The release of claims did not state that the lease was terminated effective November 6, 1985; it was merely executed on November 6, 1985. The record is devoid of evidence that would indicate whether U.S. Rentals was still in control of the leased premises on the date the vehicle was towed (see, Richard v. Broussard, 495 So.2d 1291 (La.1986), other than the letter from Ms. Davis which plaintiff introduced, without contesting its contents, into evi *490 dence. Thus, the judgment in plaintiffs favor must be reversed and her claim dismissed. See, Brown v. Rudy Smith Service, Inc., 441 So.2d 409 (La.App. 4 Cir. 1983); Fallon v. Dorsett, 344 So.2d 434 (La.App. 1 Cir.1977). See also, La.R.S. 32:471 et seq. regarding abandoned motor vehicles.
In view of this finding we need not address defendant’s contentions with regard to the assessment of damages. Costs are to be divided equally between the parties.
REVERSED AND RENDERED.
LOTTINGER, J., concurs.