KING, Judge.
The issues presented by this appeal are whether or not the trial court was correct in awarding plaintiff a money judgment on the main demand and in denying defendant a judgment on the reconventional demand.
Larry Bell Hicks (hereinafter plaintiff) filed suit against Helen Cook and her husband, James Cook (hereinafter defendants), for damages for wrongful eviction and conversion of property. Defendants reconvened for sums owed by plaintiff on a promissory note and for damages. After trial on the merits, the trial court took the matter under advisement. The trial court rendered judgment in favor of plaintiff and against defendant, Helen Cook, in the sum of $2,100.00, together with judicial interest from the date of judgment, until paid, and rejected defendants’ reconventional demands. A formal written judgment was signed in favor of plaintiff and against defendant, Helen Cook, in the sum of $2,000.00 together with judicial interest from the date of judgment, until paid. Defendants appeal the judgment and plaintiff answers the appeal, seeking amendment of the judgment, and damages for frivolous appeal. We amend and affirm, but deny plaintiff’s motion for damages for frivolous appeal.
FACTS
This case involves a dispute between the parties arising from an agreement for the lease of a business enterprise, known as Flowers by Helen, and a dispute concerning a promissory note executed by one of the parties for purchase of the inventory of the business.
On March 10, 1986, plaintiff, Larry Bell Hicks, and defendant, Helen Cook, entered into a written agreement to lease the defendants’ flower shop to plaintiff. The lease was for a primary term of one year, with an option to renew on a yearly basis. The monthly rental was to be $990.00 per month, payable on the tenth day of each month, and all taxes levied on the leased property. The lease further provided that:
“Lessor hereby agrees that the name of the business shall remain FLOWERS BY HELEN and that all municipal utilities and telephone are to remain as is with the lessee being responsible for all charges thereto.”
A promissory note was executed on March 12,1986 by plaintiff payable to the order of defendant on June 15, 1986 in the amount of $3,500.00. This note represented the payment by defendant to plaintiff for her business inventory. The amount of the note was arrived at by an informal inventory taken by defendant and a Mrs. Bertrand. Plaintiff never received a formal or written inventory list and she never disputed the value of the inventory. It is undisputed *1323 that plaintiff paid defendant $500.00 for credit on that promissory note.
The trial court found that:
“Considering the broad language of the lease it appears that plaintiff acquired, by the lease agreement, the right to use the building housing the business, all tools and appliances contained in the building which were used in the florist business and the business name (which apparently had some value and utility). The raw materials, or inventory, used in the business was not included in the lease but according to the parties, the ownership of these were acquired by Hicks via the promissory note. No list of the inventory was made at the time of sale....”
The parties also agreed upon a “cut-off. date” for the accounts receivable whereby all accounts receivable billed before March 10, 1986, or pre-sale accounts receivable, belonged to defendant and all accounts receivable billed after that date, or post-sale accounts receivable, belonged to plaintiff. A similar approach was taken with all accounts payable.
Neither inventory lists nor complete books of account were kept and none were available to be placed into evidence at the time of trial. As the trial judge found, all that was placed into evidence was “... a hodge-podge of handwritten, self-serving notes, photo copies of unverified statements of accounts from vendors and a stack of photo copies of invoices issued by FLOWERS BY HELEN.” No bank statements or cancelled checks from the business were produced.
We adopt the findings of fact made by the trial court, as set forth in his written reasons for judgment, which are that:
“According to the testimony, after Hicks began operating the business, Cook continued to work there on an ‘as needed’ basis and was paid $5.00 per hour. When a payment was received on a pre-sale accounts receivable, it was turned over to Cook. There is no evidence of discord or discontent prior to Monday, June 16, 1986. Hicks testified that on that day Cook appeared at the shop around 8:00 A.M. and inquired of her ‘Do you know what today is?’ When Hicks did not know the answer to the query, Cook told her that the balance ($3,000.00) of the March 12 promissory note was due. Plaintiff testified she was surprised because she did not think the note was due until June 20, which would be the following Friday. They discussed the matter and verbally agreed to extend the due date until the 20th. On Wednesday, the 18th, Cook again appeared at the shop and inquired about the note. It is not clear what happened as a result of that inquiry but on Friday morning, the 20th, Cook returned to the shop. Hicks then told defendant she was unable to pay the note. It does not appear that the parties exhibited heated tempers or engaged in any kind of violent confrontation at this time but both seemed to be at a loss as to how to proceed. They were unable to reach any decision regarding the note, lease, inventory, accounts payable, accounts receivable, or even the customer orders that were scheduled for delivery that day and the days following. Hicks testified that Cook advised her to seek the advise [sic] of an attorney and she then left presumably to contact a lawyer. Cook remained at the shop and began to complete the orders which were scheduled for delivery that day. Plaintiff Hicks did not return that day, the next day, or ever, but did telephone Cook regarding some items of personal property which were at the shop. Arrangements were made for Hicks to come to the shop at 6:00 P.M. on Tuesday, June 24th and get the items. She did not do that and the items are still in Cook’s possession. Defendant testified she is still agreeable to let plaintiff get the property. After the phone call regarding the personal items, the parties had no contact until the day of trial.”
Plaintiff filed suit against defendants on June 27, 1986 for wrongful eviction from the business premises, wrongful conversion of her inventory, records, and personal property, and sought $88,158.20 in damages. Defendants filed an answer of gen *1324 eral denial and a reconventional demand for the $3,000.00 balance owed on the promissory note and $100,000.00 for withdrawal from the leased premises without proper notice, rental for the remainder of the primary lease term, and for damage to the leased property. The trial court only rendered judgment in favor of plaintiff and against defendant, Helen Cook, for the amount of $2,100.00, which sum she admitted collecting on plaintiffs accounts receivable after this suit was filed. The court found that the balance on the promissory note was not owed, based on defendant, Helen Cook’s, testimony that she would not require further payment from plaintiff on the promissory note. All other claims by all parties were rejected as not sufficiently proven at the trial. Defendants appeal the judgment and plaintiff answers, seeking modification of the judgment and damages for frivolous appeal.
LAW
In civil cases, a plaintiff bears the burden of proving every element of his or her claim to a legal certainty and by a preponderance of the evidence. Mere possibilities or unsupported probabilities are insufficient to support a judgment. Stewart v. Hanover Ins. Co., 416 So.2d 286 (La.App. 3 Cir.1982), writ den., 421 So.2d 907 (La. 1982). See also Fallon v. Dorsett, 344 So.2d 434 (La.App. 1 Cir.1977). This bur-, den may be met by either direct or circumstantial evidence. Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971). Proof by a “preponderance of the evidence” exists when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Schouest v. J. Ray McDer-mott & Co., Inc., 411 So.2d 1042 (La.1982); Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Sandel v. Travelers Insurance Company, 225 So. 2d 736 (La.App. 3 Cir.1969).
The burden is on the plaintiff to initially establish a prima facie case, and the failure to establish such a case defeats his cause of action. Edelman Systems, Inc. v. Capitol GMC, Inc., 345 So.2d 99 (La.App. 1 Cir.1977), writ den., 347 So.2d 250 (La. 1977). Prima facie evidence is evidence sufficient to establish a given fact, which if not rebutted or contradicted will remain sufficient. State ex reí. Dupas v. City of New Orleans, 240 La. 820, 125 So.2d 375 (1960); Ciolino v. Castiglia, 446 So.2d 1366 (La.App. 1 Cir.1984).
Once a prima facie case has been established by the plaintiff by a preponderance of the evidence, the burden shifts to the defendant. Jordan v. Travelers Insurance Company, supra; Edelman Systems, Inc. v. Capitol GMC, Inc., supra.
In this case the trial court found that the evidence introduced by the plaintiff and defendant in reconvention and the defendant and plaintiff in reconvention did not meet their respective burdens of proof and did not entitle them to the judgments each were seeking except as to the partial judgment rendered by the court on plaintiffs claim.
The trial court did not have complete and reliable records or other documentation in evidence to consider in reaching a decision. There were no bank statements, cancelled checks, properly verified invoices or other properly documented books or records of account. The only uncontroverted evidence at trial concerned the $2,100.00 collected by defendant on plaintiffs accounts receivable and the defendant’s admission that she would not require plaintiff to pay the balance owed to her on the promissory note. The trial court, in its reasons for judgment, stated that:
“At trial there was no evidence introduced by plaintiff to show any sums due from James A. Cook and no evidence introduced to even identify James A. Cook. Furthermore, James A. Cook did not come forward to testify or offer any evidence to prove the plaintiff owes him anything. Therefore plaintiff’s claim against James A. Cook is dismissed, and his demands against plaintiff are also dismissed, both with prejudice.
* * * * * *
*1325 The court is called upon to arrive at a just and fair resolution of the Hicks-Cook dilemma. If the parties had lists of the March 10 and June 20 inventories and the accounts receivable and payable as of those dates, some intelligent resolution could probably be made. But, there are no lists and there are no books of account. All that has been offered into evidence is a hodge-podge of hand written self-serving notes, photo copies of unverified statements of accounts from vendors and a stack of photo copies of invoices issued by FLOWERS BY HELEN. Not even bank statements and can-celled checks from the business were offered into evidence.
Our civilian ancestors of Rome required a litigant to prove his case. So do we. A litigant must provide that one grain of sand that tips the scale, ever so slightly. The litigants in this lawsuit have only proved a lease, a promissory note, an ongoing business, an abandonment of that business and the collection of some accounts receivable, subsequent to the date of abandonment.
The Lease
The rent was paid by Hicks to July 10. This means she had the right of occupancy without further payment until the next rental payment became due. She was not evicted. She chose not to exercise the right of occupancy. Cook could have required Hicks to pay the rent until the end of the term but instead she began occupancy of the premises. She is therefore not entitled to receive any further rent from Hicks and Hicks is not entitled to a refund of rent.
The Note
Although the note obligated Hicks to pay Cook $3,500.00, only $500.00 was paid. Cook testified she would not require further payment.
The Business
Without a beginning and ending inventory, it is almost impossible to determine whether the value of the inventory increased or decreased....
[[Image here]]
The court concludes the closing inventory was of greater value than the beginning inventory but to fix the difference in value would be to speculate.
Accounts Receivable
The court has no books of account to refer to. Cook testified that she had collected $2,100.00 from accounts generated by Hicks. Plaintiff offered no evidence to show the sum was greater than that and offered no evidence that there are any yet unpaid accounts.
Ruling
Considering the testimony of the witnesses and the documentary evidence offered, the court is of the opinion that Larry Bell Hicks is entitled to a judgment of $2,100.00 against Helen Cook, which sum is the amount that defendant admits she collected on plaintiffs accounts. Plaintiff is entitled to legal interest only from date of judgment, not from date of judicial demand, for the reason that the monies collected had not been collected when suit was filed. All other claims of both parties are rejected as not proven.”
The trial court’s judgment was based upon the testimony of the witnesses and the lack of evidence to prove the facts upon which each party relied to prove their claims. We cannot say, on the basis of the record before us, that the trial judge was manifestly wrong or clearly in error in his findings of fact and rendition of judgment on those facts.
Plaintiff also seeks, by answer to the appeal, damages for a frivolous appeal. We find that defendant and plaintiff in reconvention, Helen Cook, was in good faith in advocating her claim in the trial court and on appeal. She had the right to seek payment of the promissory note owed to her in the trial court and to challenge by an appeal the trial court’s denial of her claim. For this reason, we do not find the
*1326 appeal to be frivolous. Accordingly, plaintiffs claim for damages for frivolous appeal is denied.
Plaintiff also seeks, by answer to the appeal, amendment of the trial court judgment. The trial court rendered judgment in favor of plaintiff and against defendant, Helen Cook, in the sum of $2,100.00 in its written reasons for judgment assigned on February 17, 1987. The formal written judgment, which was signed on June 1, 1987, was for only $2,000.00. For this reason we amend the trial court’s judgment to increase it from $2,000.00 to $2,100.00.
For these reasons the trial court judgment is amended and judgment is rendered in favor of plaintiff and against defendant, Helen Cook, in the sum of $2,100.00 together with judicial interest from June 1, 1987, the date of the trial court judgment, until paid. In all other respects the trial court judgment is affirmed. Plaintiffs motion for damages for a frivolous appeal is denied.
All costs of these proceedings are taxed equally to plaintiff and defendant.
AMENDED AND AFFIRMED.