569 So.2d 1071 (1990)
Linda M. JOHNSON, Individually and as Natural Tutrix of her Minor Sons Justin Johnson and Jeremy Johnson, and John H. Johnson, Jr., Plaintiff-Appellant,
v.
AMERICAN SOUTHERN INSURANCE COMPANY, et al., Defendants-Appellees.
No. 89-541.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1990.
Wm. J. Bennett, Marksville, for plaintiff-appellant.
Lloyd K. Milam, Deridder, Michael R. Cagle, Lake Charles, for defendants-appellees.
Before GUIDRY, LABORDE and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether the trial court was correct in concluding that the condition of a parish road was not a cause-in-fact of the automobile accident giving rise to this litigation.
Linda M. Johnson, individually and as natural tutrix of her minor sons, Justin Johnson and Jeremy Johnson, and her son, John H. Johnson, Jr. (hereinafter plaintiff), brought suit against Shelda Ashworth (hereinafter Ashworth) and her vehicle liability insurer, American Southern Insurance Company (hereinafter American), and the Beauregard Parish Police Jury (hereinafter defendant) as the result of an automobile accident which occurred on Pete Smith Road, a gravel parish road, located in Beauregard Parish, Louisiana. Defendant then instituted a third party demand against plaintiff and her liability insurer, Champion Insurance Company, and against Ashworth and American. Ashworth and American filed a third party demand against plaintiff and her liability insurer and against defendant.
The plaintiff's claim as to Ashworth and American, the third party demands of Ashworth and American, and the third party demands of defendant, only as to Ashworth and American, were compromised and settled and, accordingly, these claims were dismissed from the suit.
After a trial on the merits, a judgment was rendered rejecting plaintiff's demands against defendant, and also rejecting the third party demands of defendant against plaintiff and her liability insurer. Plaintiff timely appeals. We affirm.

*1072 FACTS
Plaintiff and her minor sons were injured in an automobile accident that occurred on Pete Smith Road, a gravel parish road located in Beauregard Parish, Louisiana, on August 3, 1986 at approximately 3:00 P.M. Plaintiff and three of her children were passengers in a Chrysler LeBaron vehicle traveling on Pete Smith Road. At the time of the accident, plaintiff's son, John H. Johnson, Jr., age 18, was seated on the passenger side in the front seat, and Justin Johnson, age 9, and Jeremy Johnson, age 7, were seated on the back seat. Plaintiff testified that, upon entering the curve in the road, where the accident took place, she stayed as far to the right as possible. Plaintiff testified that she could not see anything past the curve and, that, further into the curve, brush was hanging over the road and blocked her vision down the road. The automobile accident occurred approximately one-half mile from the intersection of Louisiana Highway 112 and Pete Smith Road, when Ashworth's vehicle crossed the centerline in a curve on Pete Smith Road and entered into the path of the plaintiff's vehicle, causing a head-on collision.
The trial court denied the claims of plaintiff against defendant and also dismissed defendant's third party demand against plaintiff and her liability insurer.
The trial judge, in his oral reasons for judgment, stated:
"The evidence in this case indicates that this Pete GimnichPete Smith Road was and is a narrow country road under the jurisdiction of the Beauregard Parish Police Jury, probably not different from many, many parish roads in this parish. There is testimony that the road had some overhanging limbs and brush on the sides.... The evidence is clear that Mrs. Johnson was in her lane of traffic at the time the accident occurred. It does not appear from anything I've heard that she was at fault in any way in connection with this accident. There does not seem to be any dispute that she was, indeed, in her lane of traffic. It does not appear that the condition of the road was the cause of this accident. There is a serious gap in the evidence here, which is, in the judgment of the Court, such to require that the plaintiff's demands against the Police Jury be rejected. The problem is that there is nothing to establish causation here insofar as the condition of the road causing the actions of Ms. Ashworth in colliding her vehicle with the Johnson vehicle. We don't know why from the evidence Shelda Ashworth was in Mrs. Johnson's lane of traffic, whether it was because she simply was not paying attention to where she was going, whether she was driving too fast, how many times she had been on this road. Mrs. Johnson said she had not been on the road in quite some time and was not really familiar with it. But Mrs. Ashworth may or may not have driven the road every day. We don't know what caused her to be in the lane of traffic occupied by Mrs. Johnson's vehicle. The Court, in looking at the photographs carefully, believes that it is entirely possible for two vehicles to negotiate the curve in question without colliding. And without an explanation of why Ms. Ashworth was in the wrong lane of traffic, the Court cannot conclude that the condition of the road was a substantial factor or cause, in fact, in bringing about the accident. And therefore, the Court will reject the demands of the plaintiffs at their cost."
Plaintiff appeals alleging that Beauregard Parish Police Jury, who was "in control of and/or responsible for the maintenance and condition of the Pete Smith Road," was negligent in its failure to place and maintain traffic control devices, and in failing to warn motorists of unusual obstructions and/or perilous conditions.

LAW
LSA-R.S. 32:235(B) provides that:
"Local municipal and parish authorities in their respective jurisdictions shall place and maintain such traffic control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this Chapter, regulations of the department *1073 and commissioner adopted pursuant hereto, and local traffic ordinances adopted pursuant to the authority granted by R.S. 32:41 and R.S. 32:42. All such traffic control devices hereafter erected shall conform to the department's manual or specifications. If any such device hereafter erected by a political subdivision of this state fails to conform to the manual or specifications, payment of any funds allocated to that political subdivision shall be withheld by the department until the standards established by the department are complied with."
This Court stated in Enlow v. Blaney, 527 So.2d 1178 (La.App. 3 Cir.1988), writ den., 532 So.2d 151 (La.1988), that:
"The Police Jury is not responsible for every accident which may occur on a parish road, nor is it a guarantor of the safety of travelers thereon or an insurer against all injury which may result from obstructions on or defects in such a road. The duty of the Police Jury is only to see that parish roads are reasonably safe for persons exercising ordinary care and reasonable prudence. The Police Jury, however, is liable for damages caused by defects in a parish road which are in the nature of `traps,' and are sufficiently dangerous to cause an accident and an injury to a motorist using the highway in a reasonably prudent manner, if the Police Jury has had actual or constructive notice of the defect. Dupre v. Louisiana Department of Highways, 154 So.2d 579 (La.App. 3 Cir.1963)." Enlow v. Blaney, 527 So.2d 1178, at page 1181 (La. App. 3 Cir.1988), writ den., 532 So.2d 151 (La.1988).
See also, Dabov v. Allstate Insurance Company, 302 So.2d 697 (La.App. 3 Cir. 1974), writ den., 305 So.2d 539, 540 (La. 1975).
Plaintiff argues that the cause of the accident was the negligence of Shelda Ashworth, in the operation of her vehicle, and the negligence of the Beauregard Parish Police Jury, in their maintenance of Pete Smith Road. Plaintiff contends that because Pete Smith Road was under the control of the Beauregard Parish Police Jury, they should be held liable for the lack of highway warning signs and, in particular, the absence of warning signs of the upcoming curve. The plaintiff claims that this lack of highway warning signs was a substantial factor in bringing about the accident.
Plaintiff presented evidence of the absence of highway warning signs of the curve on Pete Smith Road, where the accident occurred, and thus, argues that defendant was negligent in its maintenance of the Pete Smith Road, because it failed to warn motorists of any dangers and hazardous conditions on the road.
Plaintiff further argues that there was brush hanging over the Pete Smith Road that blocked her vision in the curve. Plaintiff alleges that defendant had a duty to maintain a safe roadway and that permitting the growth of brush over the road or failing to put warning signs of such obstructions constituted negligence by the defendant. Plaintiff presented evidence that defendant did have knowledge of the brush overgrowth from prior complaints, and that the defendant had even issued work orders to trim the brush and had trimmed the brush on prior occasions. There were no warning signs of the brush hanging into the road. Plaintiff claims that she was not able to see past the curve, because of the overhanging brush, and that if the road had been properly maintained, or if she had been warned, that she could have avoided the accident, because she would have been able to see around the curve or would have known about the curve. Therefore, plaintiff argues that defendant should be held liable for its failure to maintain the roadway in a safe condition.
The only cause-in-fact of the accident, proven by plaintiff's evidence is that Ashworth's vehicle crossed the centerline of the road and collided head-on with plaintiff's vehicle. Plaintiff's proof of lack of warning signs and the presence of overhanging brush does not establish the lack of maintenance of the road as the causation of the accident or as a substantial factor in bringing it about.
*1074 Plaintiff argues that, if the road conditions had been different, she could have avoided the accident. However, as the trial judge stated in his oral reasons for judgment, "We don't know why from the evidence Shelda Ashworth was in Mrs. Johnson's lane of traffic ..." Thus, no assumption can be made with regards to different road conditions and avoidance of the accident, because even if plaintiff's actions might have been different, we do not know the cause of Ashworth's actions.
Plaintiff argues "but for" the brush hanging into the road, the accident would not have happened. As we stated in Edwards v. City of Leesville, 465 So.2d 263 (La.App. 3 Cir.1985), writ den., 467 So.2d 539 (La.1985):
"A defendant's action or conduct is a cause-in-fact of harm to another, if but for its conduct the accident or harm would not have occurred, or if its conduct was a substantial factor in bringing about the harm. Carpenter v. Travelers Ins. Co., 402 So.2d 282 (La.App. 3 Cir. 1981); Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962)." Edwards v. City of Leesville, 465 So.2d 263, at page 264 (La.App. 3 Cir.1985), writ den., 467 So.2d 539 (La.1985).
No clear evidence was presented, and, no logical assumptions can be made from the evidence which was presented, that the lack of maintenance of the Pete Smith Road was a cause-in-fact of the plaintiff's automobile accident or a substantial factor in bringing it about. The cause-in-fact of the accident was Ashworth's negligent operation of her vehicle. The record is barren of any evidence as to why Ashworth was negligent. After reviewing the record, we do not find that the trial court was manifestly in error or clearly wrong in finding that the lack of maintenance of the Pete Smith Road was not a cause-in-fact or substantial factor in bringing about the accident between plaintiff and Ashworth.
For these reasons, the judgment of the trial court is affirmed. All costs of the trial and appellate courts are taxed against plaintiff-appellant.
AFFIRMED.
LABORDE, J., dissents.
LABORDE, Judge, dissenting.
In my view the Trial Judge was clearly wrong in finding the Police Jury free from fault.