670 So.2d 471 (1996)
Willard Wayne FOSTER, Plaintiff-Appellee
v.
CONAGRA POULTRY CO., Beverly J. Larche, Jr. and Louisiana Dept. of Transportation, Defendants-Appellants.
No. 95-793.
Court of Appeal of Louisiana, Third Circuit.
February 14, 1996.
Writ Denied April 26, 1996.
*472 Otis Edwin Dunahoe Jr. and Robert Charles Clayton Thomas, Natchitoches, for Willard Wayne Foster. *473 Albert Moore Hand Jr., Shreveport, for Louisiana Dept. of Transportation.
Before SAUNDERS, WOODARD and DECUIR, JJ.
WOODARD, Judge.
Willard Wayne Foster filed a personal injury suit against Beverly J. Larche, ConAgra Poultry, and the State of Louisiana through the Department of Transportation and Development. Larche and ConAgra Poultry settled out of court. The court below found Foster, Larche, and DOTD at fault. DOTD appeals the trial court's finding and allocation of fault. Both DOTD and Foster appeal the quantum awarded. For the following reasons, we reverse.

FACTS
On March 26, 1987, at about 9:00 a.m., Beverly J. Larche, a truck driver for ConAgra Poultry, was driving an 18-wheel, tractor-trailer truck southbound on State Highway 1217 near Many, Louisiana.
At the same time, south of the bridge, Willard Wayne Foster was driving his father's pickup truck northbound on Highway 1217. Louisiana Highway 1217 is a low-volume, blacktop, rural roadway. Dense brush was growing on the inside of the curve, impeding the abilities of both drivers to see oncoming traffic. As he drove across the narrow bridge into the shallow curve, Larche crossed the center line but returned to his lane and pulled to the right as far as possible when he saw the Foster vehicle. Foster was exceeding the posted speed limit as he approached the bridge and curve. When he first saw the oncoming truck in his lane, he attempted to stop his truck to avoid meeting the eighteen-wheeler on the bridge. His brakes locked, causing him to lose his lateral steering and his truck to skid across the center line, where he collided, head-on, with the ConAgra truck in the southbound lane near the south end of the bridge.
The court below found both drivers and DOTD to be at fault, allocating ten percent of the fault to each driver and eighty percent to DOTD.

ASSIGNMENTS OF ERROR BY DOTD
By its first four specifications of error, DOTD urges that the trial court erred in applying an improper standard to DOTD's conduct, in finding that the overgrown brush was a cause-in-fact of the collision, in determining the speed of the vehicles and available sight distance, and in allocating fault.

LAW AND DISCUSSION
A court of appeal may not overturn the judgment of a lower court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). Appellate review of questions of law is simply a review of whether the lower court was legally correct or legally incorrect. O'Niell v. Louisiana Power & Light Co., 558 So.2d 1235 (La.App. 1 Cir.1990).
DOTD has a duty to maintain public roads in a safe condition so that the motoring public is not exposed to unreasonable dangers. Reid v. State, Through DOTD, 25,778, 25,780 (La.App. 2 Cir. 5/4/94), 637 So.2d 618, writ denied, 94-1415 (La. 9/16/94), 642 So.2d 198. It is required to adopt minimum safety standards regarding highway design, construction, and maintenance [La.R.S. 48:35A(1)], conforming to the standards approved by the American Association of State Highway and Transportation Officials (AASHTO), whenever possible. Although its compliance to AASHTO standard may be relevant in determining whether a given stretch of roadway presents an unreasonable risk of harm, it is not determinative of the issue. Dill v. State, Dept. of Transp. & Dev., 545 So.2d 994 (La.1989).
The trial court found that the foliage on the side of the highway obscured the bridge from approaching drivers and presented an unreasonable risk of harm, even though the evidence established that the available sight distance, 450 feet, for a northbound driver more than meets the current AASHTO standard for similar curves, set at 325-400 feet. DOTD contends that it should not have to meet a higher standard than that set forth by the AASHTO.

*474 CAUSE-IN-FACT
DOTD alleges that the court erred in finding that the lack of sufficient sight distance, due to the overgrown brush, was the cause-in-fact of the collision. For negligent conduct to be a cause-in-fact of harm to another, it must be a substantial factor in bringing about that harm. Paige v. Commercial Union Ins. Co., 512 So.2d 507 (La. App. 3 Cir.), writ denied, 513 So.2d 823 (La.1987). A cause-in-fact is a necessary antecedent for a finding of liability. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). Overgrown foliage at the scene of an accident does not automatically translate into negligence on the part of DOTD; for DOTD to be found liable, the overgrown roadside foliage must be a legal cause of the accident. Johnson v. American Southern Ins. Co., 569 So.2d 1071 (La.App. 3 Cir.1990).
The record shows that the roadway is a narrow and rough, two-lane, blacktopped, substandard highway. The area near the curve and the bridge where the collision occurred had a posted speed of forty-five miles per hour, a narrow bridge sign, and curve sign with a forty-five mile per hour advisory speed plate. The bridge is approximately eighteen feet wide, slightly wider than the 8'8" lanes of the roadway, and is 115 feet long in a curve. If both vehicles had remained in the centers of their respective lanes, there would have been 1'8" of clearance as they passed each other.
Admittedly, this was a rural road where care and attentiveness to driving were especially important. Nevertheless, not only were there plenty of posted warnings of a mandated safe speed and alerting drivers to the road conditions, but also, both of these drivers were intimately familiar with the "lay of the land" of this road and bridge. Foster testified that he traveled it every day, and Larche said that it was on his regular route. There were no surprises here as to road conditions, sight distances, or brush. Foster should have been able to see the ConAgra truck from at least 450 feet away. Further, several testified that because there is so little clearance on the bridge, the local custom was to slow down or stop to avoid being on the bridge at the same time as an oncoming truck. Despite this knowledge, both drivers exceeded the speed limit, and one drove across the center line.
A driver of a motor vehicle has a duty not to drive a vehicle at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing (Welch v. State, DOTD, 93-1134 (La.App. 3 Cir. 5/4/94), 640 So.2d 596, writ denied, 94-1452 (La. 9/23/94), 642 So.2d 1293) and to be reasonably observant of conditions that might affect the operation or use of his vehicle; this duty includes the duty to use his vehicle reasonably and to maintain a proper lookout for hazards that might pose an unreasonable risk of harm (Delphen v. Dept. of Transp. & Dev., 94-1261 (La.App. 4 Cir. 5/24/95), 657 So.2d 328) and to remain within the traffic lane. Williams v. City of Monroe, 27,065 (La.App. 2 Cir. 7/3/95), 658 So.2d 820.
The cause of this collision was not the brush or the road conditions but rather the indifference of the drivers. Neither was driving in a manner to accommodate the road conditions and posted mandates. As a result, Foster lost control of his vehicle and skidded across the center line hitting the truck head-on when he attempted to slow down his vehicle.
For the above reasons, we conclude that the trial judge manifestly erred.

OTHER ASSIGNMENTS OF ERROR
Although appellant and appellee have set forth other assignments of error regarding factual findings, allocation of fault and quantum, our previous determination has made these issues moot. Adams v. Caddo Parish School Bd., 25,370 (La.App. 2 Cir. 1/19/94), 631 So.2d 70, writ denied, 94-684 (La. 4/29/94), 637 So.2d 466.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. The costs of this appeal are assessed to plaintiff-appellee, Willard Wayne Foster.
REVERSED.