h SAUNDERS, Judge.
This case arises from an automobile collision involving a Ford Granada driven by Samuel Steward, hereinafter “Plaintiff’ and a Mercury Sarle driven by Bradford Wilkerson, hereinafter “Defendant”. The accident occurred on Louisiana Highway 124 also known as Martin Luther King Drive in Jonesville, Louisiana. Specifically, when Plaintiff turned left from Pollard Avenue onto Louisiana Highway 124, heading in a Northerly direction, his vehicle *162 stalled. At the same time, Defendant, who was traveling in a Northerly direction on Louisiana Highway 124 struck the right front section of Plaintiffs vehicle. The trial court found Plaintiff twenty percent at fault and Defendant eighty percent at fault for the accident and granted an award of $ 10,000.00 for general damages in favor of the Plaintiff. Defendant brings this appeal seeking to set aside the trial’s court judgment, and to have a new judgment entered assessing the Plaintiff with the sole responsibility for the accident. Plaintiff contends that the judgment should be affirmed.

FACTS

On March 14, 1997, at approximately 12:00 a.m., Plaintiff was driving his Ford Granada, in an Easterly direction on Pollard Avenue in Jonesville, Louisiana. When Plaintiff turned left from Pollard Avenue onto Louisiana Highway 124, heading in a Northerly direction, his vehicle stalled. At the same time, Defendant, who was driving his mother’s vehicle, a Mercury Sarle, the vehicle owned by Shirley A. Wilkerson, was traveling in a Northerly direction on Louisiana Highway 124 and struck the right front section of Plaintiffs vehicle. After striking Plaintiffs vehicle, Defendant veered off to the right and struck a third vehicle which was parked on the right side of Pollard Avenue. Defendant’s vehicle came to rest on the right shoulder of Louisiana Highway 124.
| j>The Plaintiff alleged at trial that the Defendant was speeding. This question was highly contested and addressed by both sides at trial. After considering all the evidence adduced at trial regarding the of matter Defendant’s speed, it was the trial court’s opinion that the weight of the evidence indicated that the Defendant was exceeding the posted speed limit which was 25 miles per hour. The trial court was able to draw inferences of excessive speed which contributed to the accident from the testimony of the investigating officer and Defendant’s guest passenger. The investigating officer testified, based on knowledge from training on distance traveled after the point of impact and based on the skid marks that he estimated Defendant was traveling approximately 45 miles per hour. Also, Mr. Miller, Defendant’s guest passenger, testified that he believed Defendant’s speed was about 80 to 35 miles per hour. Mr. Miller saw Defendant’s vehicle a block away from the point of impact. The trial court found that if defendant had not been speeding he would have had time to stop his vehicle and avoid the accident.
Plaintiff was aware of the mechanical failure of his vehicle before the accident. He testified at trial that two days before the accident he lent his vehicle to his daughter, and she left the gas cap off and rainwater fell into the gas tank. Plaintiff testified that if he hit the brakes, the vehicle would stall.
Defendant contends that there are inconsistencies between Plaintiffs trial testimony and his deposition testimony. The trial court did not allow Defendant to introduce Plaintiffs deposition testimony into the record to impeach his credibility at trial. However, the trial court admitted it as proffer.

\oLAW AND ANALYSIS

I. Standard of Review.

Generally, if the appellate court makes a finding that the trial court was manifestly erroneous or that there is a legal error and the record is, otherwise, complete, the appellate court should, if it can, render judgment on the record. In such cases, the appellate court is not subject to the manifest error rule, but decides the case de novo. See Rosell v. ESCO, 549 So.2d 840 (La.1989); Otto v. State Farm Mutual Automobile Insurance Company, 455 So.2d 1175 (La.1984).
In the instant case, we find that the trial judge committed legal error in denying the introduction of Plaintiffs deposi *163 tion testimony into the record to impeach his credibility at trial. Nevertheless, the record is complete because the trial court admitted the deposition as a proffer. Therefore, we must decide the case de novo and render a judgment on the issue of general damages.

I. Defendant’s Assignments of Error No. 2

The trial court abused its discretion in failing to admit Stewart’s deposition for impeachment.

The Defendant argues that the trial court erred in failing to admit Plaintiffs deposition into evidence for impeachment.
Defendant attempted to introduce the Plaintiffs deposition testimony into the record to impeach his credibility at trial. According to Defendant, there were inconsistencies between Plaintiffs trial testimony and Plaintiffs deposition testimony.
In this regard, La.Code Civ.P. art. 1450 provides as follows:
4At the trial or upon the hearing of a motion of an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
In the case at bar, Defendant attempted to introduce Plaintiffs discovery deposition testimony to challenge his own prior inconsistent statements. Defendant also alleged that Plaintiff had declared at trial he did not recall making the pertinent statements in the discovery deposition. Therefore, we find that in the present case the trial court erred in denying the introduction at trial of the Plaintiffs discovery deposition to impeach his credibility. This improper evidentiary ruling was one of legal error. If a court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, the court, whenever possible, is required to review the facts de novo from the entire record and render a judgment on the merits. Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95); 650 So.2d 742 at 745. Accordingly, a de novo review and award of damages is required by this court.

II. Defendant’s Assignment of Error No.l

The trial court erred in finding that Wilkerson was 80 percent at fault for the accident is manifestly erroneous.

Defendant argues that the facts and applicable law establish the Plaintiffs sole responsibility for the accident. He argues that Plaintiffs vehicle had momentum when it entered the intersection. He argues that the only explanation for the final resting point of the vehicles after the impact is that Plaintiffs vehicle never stalled. Defendant complaints that Plaintiff breached his duty to avoid a collision because he 1 sdid not keep a lookout for vehicles on the highway. Defendant asserts that Plaintiff did not stop when he was confronted with the stop sign at the intersection. Defendant also argues that even if Plaintiffs vehicle stalled at the intersection, Plaintiff failed to take steps to warn oncoming vehicles.
We therefore will review, de novo, the question of the negligence of the driver of each vehicle and apportion fault to the Plaintiff and Defendant according to their respective degrees of negligence.

Negligence of the drivers.

Generally, negligence is defined as conduct which falls below the standard established by law for the protection of others against an unreasonable risk of harm. Dobson v. Louisiana Power and Light Company, 567 So.2d 569 (La.1990).
*164 The duty-risk method for determining when actionable negligence exists has been developed and explained in several cases that analyze the degree of fault and the extent to which Plaintiff may recover from Defendant under the principles of comparative negligence. La. Civ.Code art. 2323; Lamaire v. Motor Convoy, Inc., 625 So.2d 638 (La.App. 3 Cir.1993), writ denied, 93-2778 (La.1/7/94), 632 So.2d 754. In apportioning comparative fault, we shall apply factors enumerated by our supreme court in Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967, 974 (La.1985):
(1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior, and, (5) any extenuating circumstances which might require the actor to proceed in haste without proper thought.
|fiThus, we will proceed to the apportionment of fault to the Plaintiff and to the Defendant by a duty-risk analysis applying the Watson factors to the facts of the present case.

Negligence of the Plaintiff and apportionment of fault.

The trial court concluded that Defendant’s exceeding the speed limit was a contributory cause of the accident and thus assessed 80 percent of the liability to him.
Whether or not the defendant was speeding is a question highly contested by both sides at trial. We are able to draw inferences of excessive speed which contributed to the accident from the testimony of the investigating officer and Defendant’s guest passenger. Both of them estimated Defendant’s speed was about 35 miles per hour, when the speed posted for that area is 25 miles per hour. After considering all the evidence adduced at trial regarding the Defendant’s speed, it is our opinion that the weight of the evidence shows that the Defendant was exceeding the speed limit.
Our laws impose a duty on drivers not to exceed the legal speed limit. La. R.S. 32:61 et seq. As previously stated by this court in Foster v. ConAgra Poultry Co., 95-793 (La.App. 3 Cir. 2/14/96); 670 So.2d 471, unit denied, 96-0645 (La.4/26/96); 672 So.2d 674:
A driver of a motor vehicle has a duty not to drive a vehicle at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing and to be reasonably observant of conditions that might affect the operation or use of his vehicle; this duty includes the duty to use his vehicle reasonably and to maintain a proper lookout for hazards that might pose an unreasonable risk of harm. (Citations omitted.)
This duty is designed to protect other motorists from an increased probability of harm associated with operating a vehicle at an excessive speed. Defendant Lbreached this duty. Hence, the damages suffered by the Plaintiff fell within the scope of the duty breached by the Defendant. Due to the Defendant’s excessive speed, it became impossible for him to react and put on the brakes when he saw the obstruction on the highway. Defendant’s guest passenger saw Plaintiff’s vehicle a block away from the place of the impact. There is no evidence, testimonial or otherwise, to indicate that there was any obstacle that blocked Defendant’s vision.
If Defendant had not been traveling at a speed in excess of the posted speed limit he would have had time to put on the brakes to avoid the accident. The fact that Defendant was perhaps confronted with a sudden emergency, such as finding a vehicle stalled on the middle of the highway, does not relieve him from liability, as suggested by Defendant, because the duty to drive the vehicle within a speed limit is designed to allow adequate braking time, thereby protecting against the risk that one might be confronted with an emergen *165 cy. Therefore, we conclude that the duty breached by the Defendant was designed to protect the general vehicular public against the particular risk involved when a motorist drives his vehicle at a speed exceeding the posted speed limit.

Negligence of the Defendant and apportionment of fault

The applicable rule of law is that a driver generally is not held to be responsible for latent defects in his car where he exercises reasonable care in having the car inspected, and he has had no reasonable prior notice of a defective condition. In order for latent defects to constitute a valid defense, however, the proof must be strong enough to exclude any other reasonable hypothesis as to the cause of the accident except that it resulted from the alleged defects. The evidence must establish that the driver was not aware of the defects, and that the defects could not reasonably have been discovered by a proper inspection. See, Robinson v. American Home Assurance Co., 183 So.2d 77 (La.App. 3 Cir.1966); We think the evidence in the instant suit establishes that the accident was caused by a mechanical failure of Plaintiffs vehicle, which was not operating properly prior to the time of the accident, that the Plaintiff did know that the vehicle was defective, and therefore he had good reason to suspect it might fail and stall again. The vehicle had been inspected a couple of days before the accident occurred because of the mechanical failure. The defect in the vehicle was due to rainwater that had fallen into the gas tank when Plaintiff lent his vehicle to his daughter. Plaintiff seeks to extricate himself from liability by claiming that the cause of the accident was not due to any negligent conduct on his part, but rather the mechanical failure of his vehicle. However he has failed to carry the heavy burden of the owner-operator of the vehicle of proving that he had no advance notice of the defect and that he used ordinary care to prevent such mechanical failure. Simon v. Ford Motor Co., 282 So.2d 126 (La.1973).
Generally speaking, it is the duty of one operating a motor vehicle on the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to its occupants or to other travelers. Ross v. Tynes, La.App.1943, 14 So.2d 80.
When Plaintiff drove his vehicle in such a defective condition he took the serious risk that his vehicle would suddenly stall, get hit by another vehicle and cause several accidents, as happened in the present case. This accident could have been avoided by the Plaintiffs exercise of reasonable care. Under these facts we conclude that the Plaintiff did not exercise reasonable care in having the vehicle repaired prior to the accident, and that he was negligent in operating his vehicle in a defective condition.
IcAfter reviewing and evaluating the record, and weighing the factors set forth in Watson to assess the nature of the conduct of each party, we conclude that each driver failed to observe his applicable legal duty. Therefore, each driver’s fault was a “but for” cause-in-fact contribution to the collision; and such a collision was within the scope of the risks intended to be protected against, both by Defendant’s duty to travel no more than 25 mph, and also by Plaintiffs duty to maintain his vehicle in good working condition to avoid an accident due to a mechanical failure.
Since the Plaintiff is comparatively at fault in causing the accident, the amount of damages recoverable by him shall be reduced in proportion to the degree or percentage of his negligence. La. Civ.Code art. 2323. The law provides that each must bear the percentage of the damages attributable to his fault. Defendant’s negligence in speeding is active and ongoing and could have been easily remedied by slowing down at any time and driving within the posted speed limit. Defendant *166 was continually negligent while operating his vehicle beyond the legal speed limit. There is no question that Defendant had control of his automobile at time of the accident, and that the accident was caused by active and continuous negligence on his part. On the other hand, Plaintiffs fault is due to the negligent omission of not repairing his vehicle to prevent a mechanical failure. To remedy his negligence he would have had to take his vehicle to a service station and drain the gas tank, which is troublesome and can only be done during working hours and not at the time the accident occurred. Thus, his negligence is not as easily remedied as that of the speeding motorist. Therefore, Defendant’s fault is considerably greater than the negligence of the Plaintiff who did not maintain his vehicle in proper working condition. Although the negligence of ■ Plaintiff was passive in nature, it was still a cause in fact of the accident, and he must be held liable in proportion to his fault. We 1 mconclude that Plaintiff was thirty-five percent at fault and Defendant was sixty-five percent at fault in causing the accident.

DECREE

For the above reasons, it is ordered, adjudged and decreed that the judgment of the trial court is hereby amended. We find Plaintiff thirty-five percent at fault and Defendant sixty-five percent at fault in causing the accident. Court costs on appeal are assessed to the parties equally.
AFFIRMED AS AMENDED.
AMY, J., concurs in the result.